SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
BABAK YOUSEFZADEH, Cal. Bar No. 235974
GAL GRESSEL, Cal. Bar No. 286312
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415.434.9100
Facsimile:  415.434.3947
E mail:      byousefzadeh@sheppardmullin.com
             ggressel@sheppardmullin.com

Attorneys for Defendant CURATIVE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANA BELNAVIS, on behalf of herself and others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>CURATIVE INC.; YOH SERVICES LLC; DAY & ZIMMERMAN INTERNATIONAL, INC.; and DOES 1 to 100, inclusive,<br><br>                    Defendants. | Case No.<br><br>[Removed from Los Angeles Superior Court Case No.: 21STCV19811]<br><br>**DEFENDANT CURATIVE INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (UNDER THE CLASS ACTION FAIRNESS ACT)**<br><br>[File concurrently with Certificate as to Interested Parties; Civil Case Cover Sheet; and Request for Judicial Notice]<br><br>Complaint Filed: May 25, 2021 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant Curative Inc. ("Curative" or "Defendant") hereby removes the action *Briana Belnavis v. Curative Inc., et al.*, pending in the Superior Court of California, County of Los Angeles, Case No. 21STCV19811, to the United States District Court for the Central District of California. Removal is based on the Class Action Fairness Act, 28 U.S.C. § 1332(d). This Court has original subject matter jurisdiction over Plaintiff Briana Belnavis' ("Plaintiff") lawsuit under 28 U.S.C. §§ 1332(d)(2), 1441, 1453, and 1446, because it is a proposed class action, minimal diversity exists, and the amount in controversy exceeds $5,000,000. Accordingly, removal is proper based on the following grounds:

## I. BACKGROUND

1. On May 25, 2021, Plaintiff, on behalf of herself and a putative class, filed the lawsuit *Briana Belnavis v. Curative Inc., et al.*, Case No. 21STCV19811, against Curative, Yoh Services LLC ("Defendant Yoh"), Day & Zimmermann International, Inc. ("Defendant D&Z") (collectively "Defendants") and "DOES 1 through 100" in the Superior Court for Los Angeles. Plaintiff's Complaint was filed as a putative class action under California Code of Civil Procedure section 382, on behalf of herself and all non-exempt employees who are or were employed by Defendants in California during the four years preceding the filing of the Complaint. Complaint, ¶¶ 3, 49. Plaintiff served her Complaint on Curative on May 28, 2021. A true and correct copy of the Complaint, including the Summons, Civil Case Cover Sheet, Voluntary Efficient Litigation Stipulations, and Alternative Dispute Resolution ("ADR") Information Packet, is attached hereto as **Exhibit A**.

2. Plaintiff's Complaint asserts that she is an hourly non-exempt employee of Defendants from January 2021 through the present, as a field specialist. Complaint, ¶ 4. Curative denies that it employed Plaintiff. Plaintiff brings claims under the California Labor Code on behalf of herself and the putative class she seeks to

represent.  *Id.* ¶¶ 1-3.  The Complaint alleges the following Labor Code violations: (1) failure to pay minimum wage in violation of Labor Code sections 1194 and 1197; (2) failure to pay overtime in violation of Labor Code sections 510 and 1194; (3) failure to provide meal breaks in violation of Labor Code sections 226.7 and 512; (4) failure to authorize and permit rest breaks in violation of Labor Code section 226.7; (5) failure to indemnify for necessary business expenses in violation of Labor Code section 2802; (6) failure to timely pay wages during employment in violation of Labor Code section 204; (7) non-compliant wage statements and failure to maintain payroll records in violation of Labor Code section 226; and (8) failure to timely pay wages at the time of separation (waiting time penalties) in  violation of Labor Code sections 201, 202, and 205; and (9) violation of Business & Professions Code sections 17200, *et seq.* (unfair business practices).  *See* Complaint.  For these alleged wrongdoings, Plaintiff seeks unpaid wages and penalties on behalf of herself and her putative class. Complaint, Prayer.

3.    Plaintiff's Complaint is styled as a putative class action under California Code of Civil Procedure section 382.  Plaintiff seeks to represent a putative class of Defendants' current and former non-exempt employees who worked in California at any time within four years prior to filing the Complaint, which Plaintiff refers to as the "California Class."  Complaint at ¶ 49.I.  Within the California Class, Plaintiff seeks to represent minimum wage, overtime, meal period, rest period, indemnification, pay day, wage statement, and waiting time subclasses.  Complaint at ¶ 49.A-H.

4.    On July 2, 2021, Plaintiff served on Defendants Plaintiff's Notice of Court Order regarding Complex Designation and Notice of Initial Status Conference Order.  A true and correct copy of Plaintiff's Notice of Court Order re Complex Designation and Notice of Initial Status Conference Order and attached Complex Designation and Notice of Initial Status Conference is attached hereto as **Exhibit B**.

NOTICE OF REMOVAL TO FEDERAL COURT

5.      On July 8, 2021, Curative filed a Notice of Appearance of Counsel.  A true and correct copy of Notice of Appearance of Counsel on Behalf of Defendant Curative Inc. is attached hereto as **Exhibit C**.

6.      On July 8, 2021, Defendant Yoh and D&Z filed a Notice of Appearance of Counsel.  A true and correct copy of Notice of Appearance of Counsel for Defendants Yoh Services, LLC and Day & Zimmermann, Inc. is attached hereto as **Exhibit D**.

7.      On July 8, 2021, Plaintiff and Defendants filed a Joint Stipulation and [Proposed] Order to Continue the Initial Status Conference.  A true and correct copy of Joint Stipulation and [Proposed] Order to Continue the Initial Status Conference is attached hereto to as **Exhibit E**.

8.      On July 9, 2021, Plaintiff filed an Initial Status Conference Report.  A true and correct copy of Plaintiff's Initial Status Report is attached hereto to as **Exhibit F**.

9.      On August 6, 2021, Plaintiff and Defendants filed a Joint Initial Status Conference Report.  A true and correct copy of Joint Initial Status Conference Report is attached to hereto as **Exhibit G**.

10.     On August 9, 2021, Plaintiff and Defendants filed a Joint Stipulation to Continue Initial Status Conference and [Proposed] Order. A true and correct copy of Joint Stipulation to Continue Initial Status Conference and [Proposed] Order is attached to hereto as **Exhibit H.**

11.     On August 12, 2021, Plaintiff served on Defendants Plaintiff's Notice of Continued Initial Status Conference.  A true and correct copy of Plaintiff's Notice of Continued Initial Status Conference is attached hereto as **Exhibit I**.

12.     A copy of this Notice of Removal will be served concurrently on Plaintiff, and filed with the Superior Court of California for the County of Los Angeles.

13.     **Exhibits A-I** contain all process, pleadings, and orders served on or by Curative in accordance with 28 U.S.C. § 1446(a), and no other proceedings have been held in this action.

## II.     JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

14.     The Class Action Fairness Act ("CAFA") was enacted on February 18, 2005.  In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d).

15.     This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the defendant is not a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000 and; (4) there is diversity of citizenship between at least one class member and one defendant.  As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

16.     CAFA's minimal diversity requirement is satisfied when: (1) at least one plaintiff is a citizen of a state in which none of the defendants are citizens; (2) at least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen; or (3) at least one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. *See* 28 U.S.C. § 1332(d).

17.     Under CAFA, a removing defendant ***need not submit any evidence*** of the facts establishing jurisdiction in its notice of removal.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (A notice of removal "need not contain evidentiary submissions.").  Rather, "[a] defendant's notice of removal need include only a plausible allegation." *Id*. at 89.  Evidence is required "***only*** when the

plaintiff contests, or the court questions, the defendant's allegation." *Id*. (emphasis added); *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (courts may not remand where notice of removal plausibly alleges the basis for removal, without giving the defendant an opportunity to prove the jurisdictional requirements are satisfied).

18.    The United States Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that the "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Dart Cherokee*, 574 U.S. at 84. Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 ***broadly in favor of removal***…" *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively."); *accord Bridewell-Sledge v. Blue Cross*, 798 F.3d 923 (9th Cir. 2015) (Under *Dart Cherokee*, the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'"); *see also Moppin v. Los Robles Reg'l Med. Ctr*., 2015 U.S. Dist. LEXIS 129574, *4 (C.D. Cal. 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

19.    As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**A.    This is a Class Action with a Putative Class of at Least 100 Members and None of the Defendants are State, State Official, or Government Entities**

20.    This action meets CAFA's definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or

more representative persons as a class action." (28 U.S.C. §§ 1332(d)(1)(B), 1435(a) & (b).) This action has been styled as a California class action and Plaintiff purports to bring this case, pursuant to California's class action statute, California Code of Civil Procedure section 382, on behalf of "each and all of others similarly situated." Complaint, ¶ 49. She identifies a putative class of all nonexempt employees who allegedly worked for Defendants in California. Complaint, ¶ 49.

21.   28 U.S.C. § 1332(d)(5) excludes from CAFA jurisdiction cases in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or…the number of members of all proposed plaintiff classes in the aggregate is less than 100."

22.   All of the Defendants are private companies. None of them are a state, a state official, or a government entity.

23.   Plaintiff's Complaint does not allege the number of members of all proposed plaintiff classes. However, on the basis of its own investigation and according to its business records, Curative determined there are more than 100 current and former non-exempt employees in California since May 25, 2017, which is the alleged statute of limitations period. Therefore, Plaintiff's proposed class consists of at least 100 members both now at the time of removal and at the institution of this civil action, as required by 28 U.S.C. § 1332 (d)(5)(B).

**B.   The Parties are Minimally Diverse As Required by CAFA**

24.   CAFA requires minimal diversity; that is at least one putative class member must be a citizen of a state different from any defendant. 20 U.S.C. § 1332(d)(2)(A).

25.   _Plaintiff's Citizenship._ Plaintiff's Complaint alleges that she is a resident of California. Complaint, ¶ 3. Plaintiff's Complaint further alleges that the California Class consists of "current and former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint." _Id_. at ¶ 49.A-I.

26.     An individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).   Although no evidence of domicile is required at the notice of removal stage (*cf. Dart Cherokee*, 574 U.S. at 84), "[p]roof of residence in a state is usually thought *prima facie* evidence of domicile." (*Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary…"); *Barbosa v. Transp. Drivers, Inc.*, 2015 WL 9272828, at *2 (C.D. Cal. 2015) ("a person's residence is *prima facie* evidence of his or her place of domicile for purposes of diversity jurisdiction") (quoting *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012)).) Regardless, an allegation of the parties' citizenship is sufficient for removal.   *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223 (9th Cir. 2019). Furthermore, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." (*Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013).)

27.     Here, the Complaint affirmatively discloses that Plaintiff is a resident of California.  Complaint, ¶ 3.  Accordingly, Plaintiff is now at the time of this removal, and was at the institution of this civil action, a citizen of California for purposes of determining diversity.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

28.     Because Plaintiff is a California citizen, allegedly worked in California for Defendants, and because Plaintiff's proposed classes are defined to include current and former employees within the State of California, Curative may rely on the foregoing presumptions to establish that Plaintiff, and at least some of the putative

1  class members, are now at the time of removal, and were at the institution of this civil

2  action, domiciled in California and therefore citizens of California.

3      29.   <u>Defendant Yoh's Citizenship</u>.  For diversity purposes, a limited liability

4  company is deemed to be a citizen of the state under whose laws it is organized and

5  of the state where it has its principal place of business.  28 U.S.C. § 1332(d)(10).

6  Defendant Yoh is a limited liability company organized under the laws of Delaware.

7  Request for Judicial Notice ("RJN"), Ex. 1.  Defendant Yoh's "principal place of

8  business" is the place where its officers direct, control, and coordinate the

9  corporation's activities, and "in practices should normally be the place where the

10 corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93

11 (2010).  Defendant Yoh's corporate headquarters are in Philadelphia, Pennsylvania,

12 which is the location from which its officers direct, coordinate and control its business

13 operations.  RJN, Ex. 1.  Accordingly, Defendant Yoh is a citizen of Delaware and

14 Pennsylvania.

15     30.   <u>Defendant D&Z's Citizenship</u>.  Defendant D&Z is a corporation and is

16 now at the time of this removal, and was at the institution of this civil action a

17 Pennsylvania corporation with its principal place of business in Philadelphia,

18 Pennsylvania.  RJN, Ex. 2.  Accordingly, Defendant D&Z is a citizen of Pennsylvania.

19     31.   <u>Curative's Citizenship</u>.  "[A] corporation shall be deemed a citizen of

20 any State by which it has been incorporated and of the State where it has its principal

21 place of business."  28 U.S.C. § 1332(c)(1); *see also Hertz Corp.,* 559 U.S. at 80-81

22 (explaining what constitutes a corporation's principal place of business).  Curative is

23 a corporation and is now at the time of this removal, and was at the institution of this

24 civil action, a Delaware corporation with its principal place of business in California.

25 Thus, Curative is a citizen of Delaware and California.  RJN, Ex. 3.

26     32.   <u>Doe Defendants</u>.  Pursuant to 28 U.S.C. § 1441(a), the residence of

27 fictitious and unknown defendants should be disregarded for purposes of establishing

28 removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co*., 615

NOTICE OF REMOVAL TO FEDERAL COURT

F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citizenship of fictitious defendants disregarded for removal). Thus, the existence of Doe defendants 1 through 10 does not deprive this Court of jurisdiction.

33.    In accordance with the foregoing, Defendant Yoh and Defendant D&Z are now at the time of removal, and were at the time of the institution of this civil action, citizens of Delaware and/or Pennsylvania (and not citizens of California), and Plaintiff and her putative class members are now at the time of removal, and were at the institution of this civil action, citizens of California (and not citizens of Delaware or Pennsylvania). Thus, the minimum diversity requirement under CAFA is satisfied.

**C.    The Aggregate Amount In Controversy Exceeds the $5,000,000 Requirement Under CAFA**

34.    Without making any admission of liability or damages with respect to any aspects of this case, or the proper legal test(s) applicable to Plaintiff's allegations on behalf of themselves and the putative class, the amount that has been placed in controversy by Plaintiff exceeds the jurisdictional minimum of this Court, $5,000,000, as detailed below.

35.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee,* 574 U.S. at 89. Moreover, a defendant ***need not set forth evidence*** establishing the amount in its notice of removal. *Id*. A defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994). Here, Curative alleges there is more than $5,000,000 in controversy.

36.    Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6); *see also Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

-10-

37.   The amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of the defendant's liability." *Lewis v. Verizon Comms., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).   To determine the amount in controversy, the Court must assume that the allegations in the operative pleading are true and that a jury will return a verdict for the plaintiff on all such claims. *See Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (emphasis and internal quotation marks omitted).

38.   In the Ninth Circuit, the amount in controversy is determined "at the time of removal." *Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).)   In *Chavez v. JPMorgan Chase*, 888 F.3d 413, 417 (9th Cir. 2018), the Ninth Circuit held "[t]hat the amount in controversy is assessed at the time of removal does *not* mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Chavez*, 888 F.3d at 417 (original emphasis).   *Chavez* held that "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages plaintiff-employee would have earned before removal (as opposed to after removal).   Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 414-15.   These principles were affirmed again by the Ninth Circuit in *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018).

39.   Plaintiff's pleadings in this action fail to affirmatively disclose the amount in controversy, or information from which Curative could readily ascertain the amount in controversy without independent investigation and analysis. *See generally*, Complaint.   As such, on its face, the Complaint is clearly "indeterminate" as to whether federal jurisdiction under 28 U.S.C. § 1332(d) existed within the

1   meaning of *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005), *Roth v.*

2   *CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121 (9th Cir. 2013), and *Rea v. Michaels*

3   *Stores Inc.*, 742 F.3d 1234, 1237-38 (9th Cir. 2014).

4       40.    As the Ninth Circuit has held, if the complaint is ambiguous, as here,

5   defendants are entitled to make reasonable assumptions concerning the number of

6   violations. *Arias*, 936 F.3d at 922, 926; *see also Hayes v. Salt & Straw, LLC*, 2020

7   WL 2745244, at *3 (C.D. Cal. May 27, 2020) ("in wage-and-hour cases, the amount

8   in controversy turns on the frequency of the alleged violations of California labor

9   laws."). An assumed violation rate of one violation per week is frequently considered

10   reasonable where the plaintiff alleges a pattern and practice of conduct. *E.g., Soto v.*

11   *Tech Packaging, Inc.*, 2019 WL 6492245, at *5 (C.D. Cal. Dec. 3, 2019) (noting that

12   "other courts within the Ninth Circuit have accepted a rate of one violation per

13   workweek as an acceptable basis for calculating the amount in controversy" and

14   accepting same); *Lucas v. Michael Kors (USA), Inc.*, WL 2146403, at *7 (C.D. Cal.

15   May 9, 2018) (same); *Arreola v. Finish Line*, 2014 WL 6982571, at *4 (N.D. Cal.

16   Dec. 9, 2014) ("Where. . . the plaintiff pleads that an employer has a regular or

17   consistent practice of violating employment laws. . . such an allegation supports a

18   defendant's assumptions that every employee experienced at least one violation once

19   per week."); *Jasso v. Money Mart Exp., Inc.*, 2012 WL 699465, at *5 (N.D. Cal. Mar.

20   1, 2012) ("Given the allegations. . . that the violations took place 'at all material

21   times,' one violation per week on each claimed basis is a sensible reading of the

22   alleged amount in controversy, as pleaded by Plaintiff.").

23       41.    Curative provides the following calculations only to demonstrate that the

24   amount placed in controversy by Plaintiff in this case easily exceeds the jurisdictional

25   amount in controversy under CAFA jurisdiction. Curative makes no admission of

26   any liability or damages with respect to any aspect of this case, that Plaintiff is entitled

27   to any damages at all, or to the proper legal test to be applied to Plaintiff's claims.

28

-12-

1   Nor does Curative waive its right to ultimately contest the proper amount of damages

2   due, if any, should Plaintiff prevail with respect to any of her claims.

3       42.   <u>Curative Employees</u>.  Curative independently determined, based on its

4   own investigation and business records, that it employed approximately 984 non-

5   exempt employees in California during the applicable four year period prior to the

6   filing of the Complaint; and approximately 515 of these employees are no longer

7   employed by Curative.

8       43.   Based on Curative's investigation to date, the foregoing putative class

9   members worked at least 33,000 workweeks since March 2020.

10      <u>Alleged Unpaid Minimum Wages</u>

11      44.   Plaintiff alleges that Defendants did not pay Plaintiff and the putative

12  class members the minimum wage for all hours worked.  Complaint, ¶¶ 53-58.

13  Plaintiff alleges that "Defendants policies, practices, and/or procedures required

14  Plaintiff and [the putative class members] to be engaged, suffered, or permitted to

15  work without being paid wages for the all time in which they were subject to

16  Defendants' control."  Complaint, ¶ 14.  Specifically, Plaintiff alleged Defendants had

17  a policy and/or practice to round down or shave off time to the nearest quarter of an

18  hour to benefit Defendants and Defendants did not provide compensation for the time

19  spent traveling between Defendants' worksites.  Complaint, ¶ 55.

20      45.   In 2020, the minimum wage rate in California is $13.00 per hour and in

21  2021 it was $14.00 per hour.  Cal. Lab. Code § 1182.12(b)(1)(D)-(E).

22      46.   Labor Code section 1194(a) provides: "Notwithstanding any agreement

23  to work for a lesser wage, any employee receiving less than the legal minimum wage

24  . . . is entitled to recover in a civil action the unpaid balance of the full amount of this

25  minimum wage . . . , including interest thereon, reasonable attorney's fees, and costs

26  of suit." Labor Code section 1194.2 provides that in any action "to recover wages

27  because of the payment of a wage less than the minimum wage . . . an employee shall

28

NOTICE OF REMOVAL TO FEDERAL COURT

1    be entitled to recover liquidated damages in an amount equal to the wages unlawfully

2    unpaid[.]"

3         47.    Curative's conservative calculation of the amount in controversy for

4    Plaintiff's unpaid minimum wage claims, which includes an assumption of 2 hours of

5    unpaid wages per workweek, is $1,716,000: i.e., $858,000 in unpaid minimum wages

6    ($13.00 x 2 hours per workweek x 33,000 workweeks = $858,000) and $858,000 in

7    liquidated damages.  This is a reasonable estimate given Plaintiff's allegations that

8    Defendants had a policy and/or practice of rounding to the nearest quarter-hour to

9    benefit Defendants and not providing compensation for time spent traveling between

10   Defendants' worksites.  Complaint, ¶ 55; *see Vasquez v. Randstad US, L.P.*, 2018 WL

11   327451, at *4 (N.D. Cal. Jan. 9, 2018) (finding defendants' assumption of 2.5 hours

12   per employee per week was reasonable for Minimum Wage claim damages

13   calculation where plaintiff alleged that defendants had a "policy and practice" of

14   requiring off-the-clock work).  Here, Plaintiff alleges there was a policy to round the

15   time employees worked by quarter-hour increments and that employee should, have,

16   but were not, paid for the time spent traveling to work sites.  Travel time for <u>one day</u>

17   alone could exceed one hour, and each one instance of purported time-clock rounding

18   could add another 15 minutes of alleged unpaid time.

19        48.    Moreover, the amount in controversy for Plaintiff's minimum wage

20   claim will continue to increase through the date of trial.  *Chavez*, 888 F.3d at 414-415

21   ("the amount in controversy is not limited to damages incurred prior to removal—for

22   example, it is not limited to wages plaintiff-employee would have earned before

23   removal (as opposed to after removal).

24        49.    Curative estimates that trial is at least two years away, particularly in

25   light of the docket backlog resulting from the COVID-19 pandemic.  Thus, the amount

26   in controversy will increase by at least $1,716,000 for the minimum wage claim alone,

27   calculated based an anticipated additional 33,000 workweeks (assuming two years to

28   trial).

NOTICE OF REMOVAL TO FEDERAL COURT

50. Thus, the amount in controversy for Plaintiff's minimum wage claim is **$3,432,000**.

Alleged Unpaid Overtime

51. Plaintiff further alleges that Defendants failed to pay Plaintiff and the putative class members all overtime wages due. Complaint, ¶¶ 60-69. Plaintiff alleges that Defendants required Plaintiff and the putative class members to work without being paid because Defendants rounded down or shaved off time to the nearest quarter of an hour to benefit Defendants and Defendants did not compensate for the time spent traveling between Defendants' worksites. Complaint, ¶¶ 65-66.

52. Labor Code section 510 requires that any work "in excess of eight hours in one workday" must be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code § 510(a).

53. Curative's conservative calculation of the amount in controversy for Plaintiff's unpaid overtime wage claim, based on a reasonable assumption of a failure to pay just one hour of overtime per workweek, is **$643,500** ($19.50 overtime rate (based on the minimum wage of $13.00 per hour) x 1 hour per week x 33,000 workweeks).

Alleged Failure to Provide Meal and Rest Periods

54. Plaintiff alleges that "Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and the [putative class members] of no less than thirty (30) minutes for each five-hour period of work as required by law." Complaint, ¶ 73. Plaintiff also alleges that "Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods," including a second uninterrupted duty-free rest period for shifts exceeding six hours. Complaint, ¶ 81.

55. Labor Code section 512(a) states that non-exempt employees must be provided an uninterrupted meal period of not less than 30 minutes for a work period

of more than five hours.  Cal. Lab. Code § 512(a).  California law requires that "[e]very employer shall authorize and permit all employees to take rest breaks, which insofar as practicable shall be in the middle of each work period.  The authorized rest period shall be based on the total hours worked daily at the rate of ten (10) minutes nest rest time per hour (4) hours worked or major fraction thereof…"  Wage Order 4, § 12. Labor Code section 226.7(b) states that if an employer fails to provide an employee a meal or rest period in accordance with state law, the employer shall pay the employee one additional hour of pay for each workday that the meal or rest period is not provided.  Cal. Lab. Code § 226.7(b).

56.    Curative's conservative calculation for the amount in controversy for Plaintiff's meal and rest break claims is $858,000 (based on a minimum wage of $13.00/hour x 2 penalties (1 meal and 1 rest) per workweek x 33,000 workweeks). The computation is based on the conservative assumption of a violation rate of one missed meal period and one missed rest period per workweek.  One violation per workweek is generally accepted as a reasonable and conservative assumption when calculation the amount in controversy for CAFA purposes and where, as here, a plaintiff has alleged a "policy and practice" of failing to provide breaks.  Complaint, ¶¶ 73-74, 81-82; *see Chavez v. Pratt (Robert Mann Packaging), LLC*, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019) (finding that a 20% violation rate for meal and rest period was reasonable where the plaintiff alleged a "pattern or practice" of violations); *Danielsson v. Blood Centers of Pac.*, 2019 WL 7290476, at *6 ("Defendant's first assumption—a 20% violation rate for meal and rest breaks during the putative class period—is reasonable given the allegations of a 'pattern and practice' of such violations.").

57.    Using the same calculation and assuming another two years of litigation through trial, the meal and rest break claims will continue to grow an additional $858,000, calculated by extrapolating the above figure out by an anticipated

NOTICE OF REMOVAL TO FEDERAL COURT

1    additional two years (estimated through trial).  Thus, the meal and rest period claims,

2    alone, total to **$1,716,000**.

3    <u>Alleged Unreimbursed Business Expenses</u>

4        58.    Plaintiff also alleges that Defendant failed to reimburse non-exempt

5    employees for all necessary business expenses, because Defendants required Plaintiff

6    and the putative class members "to use their personal cell phones for work-related

7    purposes," and "to use their personal vehicles for work-related purposes including

8    travel to and from different job sites…if the job site was under fifty (50) miles."

9    Complaint, ¶ 88.

10       59.    Labor Code section 2802(a) states that "[a]n employer shall indemnify

11   his or her employee for all necessary expenditures or losses incurred by the employee

12   in direct consequence of the discharge of his or her duties, or of his or her obedience

13   to the directions of the employer…"  An employer is prohibited from passing the

14   ordinary business expenses and losses of the employer onto the employee.  Cal. Lab.

15   Code § 2802(a).

16       60.    Assuming, conservatively, there are reimbursements of $26.25 per work

17   week ($12.00 per workweek for personal cell phone usage and $14.25 for travel

18   expenses ($0.57 average IRS standard rate for 2020 and 2021 x 5 miles driven each

19   way to worksite x 5 days per week)), the amount in controversy for this claim is

20   **$866,250** ($26.25 x 33,000 workweeks).  In addition to this being well under a 100%

21   violation rate, such a conservative number also does not take into account that the

22   proposed class will grow over the next two years until this matter gets to trial.

23   <u>Alleged Inaccurate Wage Statement</u>

24       61.    Labor Code section 226(e) provides for penalties in the amount $50 for

25   each initial alleged wage statement violation to an employee, and $100 for each

26   subsequent violation, up to $4,000.  However, at the time of removal, no putative class

27   member worked enough pay periods to reach the statutory maximum.

28

-17-

62.    Plaintiff seeks penalties under Labor Code section 226(e), alleging that Defendants provided inaccurate wage statements because they failed to state the correct the "correct name and address of the legal entity that is the employer." Complaint, ¶ 104. In other words, Plaintiff alleges a 100% violation rate on her wage statement claim.

63.    During the relevant one-year statute of limitations for a Section 226(e) claim on this claim, Curative paid employees on a bi-weekly basis.  Curative's conservatively calculates the amount in controversy for wage statement penalties to be **$1,600,800** ((984 non-exempt employees x $50 for initial violation) + (15,516 pay periods x $100 for subsequent violations)).  Notably, there will be years of additional litigation with additional putative class members, which will increase this sum.

Waiting Time Penalties

64.    Plaintiff seeks to recover waiting time penalties, alleging that "Defendants maintained a policy or practice of not paying hourly employees wages timely upon separation of employment."  Complaint, ¶ 115.  Plaintiff alleges Defendants practices included failing to pay at least minimum wage for all time worked, overtime wages for all overtime hours worked, meal period premium wages, and/or rest period premium wages.  Complaint, ¶ 115.  Plaintiff alleges that Defendants willfully and intentionally failed to timely pay final wages to her and putative members of the class.  Complaint, ¶ 116.  Plaintiff further contends that Plaintiff and the putative class "are entitled to recover the full amount of their…continuation wages under Labor Code section 203…"  Complaint, ¶ 121.

65.    Labor Code section 203 penalties "accrue not only on the days that the employee might have worked, but also on nonworkdays," for up to 30 days, and the accrual of these penalties "has nothing to do with the number of days an employee works during the month." *Mamika v. Barca,* 68 Cal. App. 4th 487, 492-93 (1998). As the "targeted wrong" addressed by Section 203 is "the delay in payment" of wages, that wrong "continues so long as payment is not made"; therefore, "[a] proper reading

of section 203 mandates a penalty equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days." *Id.* at 493.

66.    Based on Curative's records, 515 employees have been terminated since March 2020, earning at least the minimum wage of $13.00 per hour. Curative's conservative calculation of the amount in controversy for Plaintiff's waiting time penalty claim is **$1,606,800** (515 class members x $13.00 per hour x 8 hours per day x 30 days). The computation of the amount in controversy is based on conservative assumption that each one of the 515 terminated employees was owed but not paid at least some of their wages at termination and accrued 30 days of waiting time penalties based on those unpaid wages. This is a reasonable assumption because Plaintiff expressly alleges that the putative class is entitled to recover the "full amount" under Labor Code section 203. Complaint, ¶ 121. *See Quintana v. Claire's Stores, Inc.*, 2013 WL 1736671, at *6 (N.D. Cal. Apr. 22, 2013) (finding that the defendants' waiting time penalties calculation was "supported by Plaintiffs' allegations" and was "a reasonable estimate of the potential value of the claims" where the complaint alleged that the defendants "'regularly required'" putative class members to work off-the-clock without compensation, and the defendants estimated that each putative class member "potentially suffered at least one violation that continues to be unpaid"); *Stevenson v. Dollar Tree Stores, Inc.*, 2011 WL 4928753, at *4 (E.D. Cal. Oct. 17, 2011) (finding it reasonable for the defendant to assume, in light of the allegations in the complaint that members of the putative class "'routinely'" missed meal periods, that "all members of the proposed class . . . would have missed a meal period as described in the complaint at least once and were thus entitled to the waiting time penalty"). Curative's estimate is conservative, because the number of employees Plaintiff alleges are entitled to penalties under section 203 will grow each time an employee departs the company through the time of trial in this action.

/ / /

Amount In Controversy For Plaintiff's Requested Attorneys' Fees

67.     Plaintiff also alleges an entitlement to attorneys' fees.  Complaint, Prayer for Relief.  Under Ninth Circuit precedent, a plaintiff's claim for attorneys' fees are also included in the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  In *Fritsch*, the Ninth Circuit held that future attorneys' fees that are claimed, but not accrued at the time of removal, must also be considered in the amount in controversy. (*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794-96 (9th Cir. 2018).)

68.     Courts may use a 25% benchmark of total recovery when estimating the attorneys' fees in controversy.  *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013); *Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304, at *4 (S.D. Cal. 2014); *Marshall v. G2 Secure Staff, LLC*, 2014 WL 3506608 (C.D. Cal. 2014); *Jasso v. Money Mart Exp., Inc.*, 2012 WL 699465 (N.D. Cal. 2012); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. 2018); *Ramirez v. Benihana Nat'l Corp.*, 2019 WL 131843, at *2 (N.D. Cal. 2019); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees").  Thus, an additional minimum amount of **$2,466,338** must be included in the amount in controversy ($9,865,350 total amount placed in controversy by Plaintiff as set forth above x 25%).

69.     The same amount for alleged attorneys' fees is placed in controversy using the "lodestar" method of fee computation.  *See Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 66 n.11 (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery"); *see also Smith v. CRST Van Expedited, Inc.*, 2013 WL 163293, at *5 (S.D. Cal. 2013) ("California has recognized that most fee awards

-20-

based on either a lodestar or percentage calculation are 33 percent and has endorsed the federal benchmark of 25 percent").

70.    For all of the forgoing reasons, Curative alleges that the amount placed in controversy by Plaintiff's claims are significantly greater than the jurisdictional minimum of $5,000,000 required by CAFA, both at the time removal and at the institution of this civil action. [1]  The amount in controversy requirement for CAFA is therefore satisfied.

| Curative's Estimated Amount in Controversy | |
| --- | --- |
| First Cause of Action: Unpaid minimum wages | $1,716,000 |
| Second Cause of Action: Unpaid overtime wages | $643,500 |
| Third and Fourth Cause of Action: Failure to provide meal periods and authorize and permit rest periods | $1,716,000 |
| Fifth Cause of Action: Unreimbursed business expenses | $866,250 |
| Sixth Cause of Action: Inaccurate wage statements | $1,600,800 |
| Eighth Cause of Action: Waiting Time Penalties | $1,606,800 |
| Estimated attorneys' fees (25%): | $2,466,338 |
| **Total estimated amount in controversy:** | **$12,331,688** |

### D.    No CAFA Exceptions Apply

71.    CAFA contains a number of exceptions to its grant of original jurisdiction, but none of them are applicable here.  *See* 28 U.S.C. § 1332(d)(3)-(4). The party resisting removal has the burden of proving the existence of a CAFA exception.  *King v. Great Am. Chicken Corp.*, 903 F.3d 875, 878 (9th Cir. 2018).

---

[1] Curative has not included the amount in controversy for defendants Yoh and D&Z in this calculation.  If Plaintiff challenges the amount in controversy, Curative reserves the right to include defendants Yoh and D&Z's amount in controversy in the above calculations.

### III.   <u>TIMELINESS OF REMOVAL</u>

72.    Under 28 U.S.C. § 1446(b), there are "two thirty-day windows during which a case may be removed–during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'"  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

73.    When a complaint is "indeterminate," a defendant is under no duty to investigate the facts showing the basis for removal, and the first 28 U.S.C. §1446(b) thirty-day window does not begin to run.  *Harris*, 425. F.3d at 692-695.  "[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."  *Id.* at 695.  This reasoning was more recently confirmed in *Roth*, 720 F.3d at 1125: <u>even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document</u>."  (emphasis added); *see also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237-38 (9th Cir. 2014) (citing *Harris* and *Roth* and instructing that "as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time).

74.    A complaint is "indeterminate" when "it is unclear from the complaint whether the case is removable, *i.e.*, the [jurisdictional facts are] unstated or ambiguous."  *Harris*, 425 F.3d at 693.  Here, the FAC does not affirmatively allege or otherwise state that the amount in controversy exceeds $5,000,000.  Further, it is not discernable from the face of the Complaint that more than $5,000,000 was placed in controversy.  For example, Plaintiff fails to affirmatively allege the amount in controversy, her purported damages, or any information from which such a determination can be made on the face of the pleadings (e.g., the size of the putative class, the actual or average

-22-

NOTICE OF REMOVAL TO FEDERAL COURT

wages for herself or putative class members, the actual or estimated number of workweeks in question, the actual or average number of shifts at issue, the actual or average numbers of violations per workweek or shift, etc.). *See generally*, Complaint.

75. Under *Harris*, the Court must not "inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather…the court [may] rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Harris*, 425 F.3d at 695 (quoting, *Lovern v. GMC,* 121 F.3d 160, 162 (4th Cir. 1997)). Thus, the FAC is "indeterminate" and its service does not trigger the first 28 U.S.C. § 1446(b) thirty-day window to remove. *See Roth*, 720 F.3d at 1125 (holding that complaint was "indeterminate" when "[i]t did not reveal on its face that…there was sufficient amount in controversy to support jurisdiction under CAFA."); *see also Calkins v. Google, Inc*., 2013 U.S. Dist. LEXIS 97829, 2013 WL 3556042 at *2-3 (N.D. Cal. 2013) (holding that service of complaint did not trigger thirty-day window when amount in controversy was not affirmatively stated, even where defendant could have deduced the amount in controversy from documents in its possession).

76. As of the date of this filing, the parties have not exchanged any subsequent papers determinative of the jurisdictional amount in controversy in this matter. Where neither the initial pleading nor "other paper" discloses the grounds for removal, a defendant may remove at any time after it independently learns of the facts supporting removal jurisdiction. *Roth*, 720 F.3d at 1125. Defendant, based on its investigation and internal records, has since been able to determine that the amount in controversy based on the allegations in the Complaint, well exceeds the $5,000,000.00 threshold. Thus, like in *Roth*, the facts alleged in this notice support that removal is both proper and timely.

/ / /

## IV.   **JOINDER**

77.    The only defendants named in the Complaint are Curative, Defendant Yoh, Defendant D&Z, and fictitiously named Doe Defendants.  Counsel for Curative has notified Defendant Yoh and Defendant D&Z of this removal and has received their consent to remove this action.  Accordingly, all defendants in this action have agreed to and join the instant removal.

78.    Curative is not aware of any other defendant that exists, who has been named in the Complaint, or who has been served with a summons and the Complaint. Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe*, 615 F.2d at 1213 (unnamed defendants are not required to join in a removal petition); *Soliman*, 311 F.3d at 971 (citizenship of fictitious defendants disregarded for removal).  Thus, the existence of Doe defendants 1 through 100 does not deprive this Court of jurisdiction.

## V.   **VENUE**

79.    Under 28 U.S.C. §§ 84(a) and 1441(a), venue is proper in the United States District for the Central District of California because this Court embraces the Superior Court for Los Angeles County, where this action is pending.

## VI.   **NOTICE TO SUPERIOR COURT AND PLAINTIFF**

80.    In accordance with 28 U.S.C. § 1446(d), Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

81.    In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Curative or filed by Curative are attached hereto as **Exhibits A through I**.

/ / /

-24-

1   WHEREFORE, having provided notice as is required by law, the above entitled

2   action is removed from the Superior Court for the County of Los Angeles to the

3   United States District Court for the Central District of California.

4

5   Dated: September 8, 2021

6                                       SHEPPARD, MULLIN, RICHTER & HAMPTON
                                        LLP
7

8

9                           By          _____/s/ Gal Gressel_____

10                                      BABAK YOUSEFZADEH
                                        GAL GRESSEL
11                                      Attorneys for Defendant CURATIVE INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4846-6658-5589

# EXHIBIT A



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 25 2021<br><br>Sherri R. Carter, Executive Officer/Clerk of Court</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CURATIVE INC; YOH SERVICES LLC; DAY & ZIMMERMANN INTERNATIONAL, INC.; and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRIANA BELNAVIS, on behalf of herself and others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: Los Angeles Superior Court<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse - Central District<br>111 N. Hill St.<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>21STCV19811 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 276483); Danielle E. Montero, Esq. (SBN 333945)
Lavi & Ebrahimian, LLP, 8889 W. Olympic Blvd., Suite 200, Beverly Hills, CA 90211; T: 310-432-0000; F: 310-432-0001

| DATE:<br>*(Fecha)* MAY 25 2021 | Sherri R. Carter, Clerk | Clerk, by<br>*(Secretario)* STEVEN DREW | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify):* Curative Inc.

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date)* 5-28-2021

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Print this form | Save this form | | Clear this form |

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/25/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Drew _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV19811 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Yvette M. Palazuelos | 9 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    **Sherri R. Carter, Executive Officer / Clerk of Court**

on 05/26/2021 _____                    By S. Drew _____, Deputy Clerk
(Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

1  Joseph Lavi, Esq. (SBN 209776)
   jlavi@lelawfirm.com
2  Vincent C. Granberry, Esq. (SBN 276483)
   vgranberry@lelawfirm.com
3  Danielle E. Montero, Esq. (SBN 333945)
   dmontero@lelawfirm.com
4  **LAVI & EBRAHIMIAN, LLP**
   8889 W. Olympic Blvd., Suite 200
5  Beverly Hills, California 90211
   Telephone: (310) 432-0000
6  Facsimile: (310) 432-0001

7  Attorneys for Plaintiff BRIANA BELNAVIS,
   on behalf of herself and others similarly situated

8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 25 2021

Sherri R. Carter, Executive Officer/Clerk of Court

BY FAX

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10            **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11  BRIANA BELNAVIS, on behalf of herself and       Case No.:  **21STCV19811**
12  others similarly situated,
                                                     **CLASS ACTION**
13                 Plaintiff,
                                                     **PLAINTIFF'S COMPLAINT FOR**
14     vs.                                           **DAMAGES AND RESTITUTION FOR:**

15  CURATIVE INC.; YOH SERVICES LLC; DAY            1.  **FAILURE TO PAY WAGES FOR**
    & ZIMMERMANN INTERNATIONAL, INC.;                   **ALL HOURS WORKED AT**
16  and DOES 1 to 100, inclusive,                        **MINIMUM WAGE IN**
                                                         **VIOLATION OF LABOR CODE**
17                 Defendants.                           **SECTIONS 1194 AND 1197**

18                                                   2.  **FAILURE TO PAY OVERTIME**
                                                         **WAGES FOR DAILY**
19                                                       **OVERTIME WORKED IN**
                                                         **VIOLATION OF LABOR CODE**
20                                                       **SECTIONS 510 AND 1194**

21                                                   3.  **FAILURE TO AUTHORIZE OR**
                                                         **PERMIT MEAL PERIODS IN**
22                                                       **VIOLATION OF LABOR CODE**
                                                         **SECTIONS 512 AND 226.7**
23
                                                     4.  **FAILURE TO AUTHORIZE OR**
24                                                       **PERMIT REST PERIODS IN**
                                                         **VIOLATION OF LABOR CODE**
25                                                       **SECTION 226.7**

26                                                   5.  **FAILURE TO INDEMNIFY**
                                                         **EMPLOYEES FOR**
27                                                       **EMPLOYMENT-RELATED**
                                                         **LOSSES/EXPENDITURES IN**
28                                                       **VIOLATION OF LABOR CODE**
                                                         **SECTION 2802**

RECEIVED
MAY 25 2021
FILING WINDOW

COMPLAINT
1

6. **FAILURE TO TIMELY PAY EARNED WAGES DURING EMPLOYMENT IN VIOLATION OF LABOR CODE SECTION 204**

7. **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**

8. **FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

9. **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

**COME NOW** Plaintiff BRIANA BELNAVIS ("Plaintiff"), who alleges and complains against Defendants CURATIVE INC.; YOH SERVICES LLC; DAY & ZIMMERMANN INTERNATIONAL, INC.; and DOES 1 to 100, inclusive (collectively "Defendants") as follows:

## I.    INTRODUCTION

1.    This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay wages for all hours worked at minimum wage and all overtime hours worked at the overtime rate of pay; failure to authorize or permit all legally required and compliant meal periods or pay meal period premium wages; failure to authorize or permit all legally required and compliant rest periods or pay rest period premium wages; indemnification for all necessary expenditures or losses incurred by employees in direct consequence of discharging their duties; statutory penalties for failure to timely pay earned wages during employment; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; injunctive relief and other equitable relief; reasonable attorneys' fees pursuant to

1   Labor Code sections 218.5, 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and

2   others similarly situated.

3   **II.   JURISDICTION AND VENUE**

4       2.   This Court has jurisdiction over Plaintiff's and putative class members' claims for

5   failure to pay wages for all hours worked at minimum wage and overtime hours worked at the

6   overtime rate of pay due; failure to authorize or permit all legally required and compliant meal

7   periods or pay meal period premium wages; failure to authorize or permit all legally required and

8   compliant rest periods or pay rest period premium wages; indemnification for all necessary

9   expenditures or losses incurred by employees in direct consequence of discharging their duties;

10   statutory penalties for failure to timely pay earned wages during employment; statutory penalties

11   for failure to provide accurate wage statements; statutory waiting time penalties in the form of

12   continuation wages for failure to timely pay employees all wages due upon separation of

13   employment; and claims for injunctive relief and restitution under California Business and

14   Professions Code sections 17200, *et seq.*, for the following reasons: Defendants operate

15   throughout California; Defendants employed Plaintiff and putative class members in locations

16   throughout California, including but not limited to Los Angeles County, 430 S Cataract Ave, San

17   Dimas, CA 91773; more than two-thirds of putative class members are California citizens; the

18   principal violations of California law occurred in California; no other class actions have been filed

19   against Defendants in the last four (4) years alleging wage and hour violations; the conduct of

20   Defendants forms a significant basis for Plaintiff's and putative class members' claims; and

21   Plaintiff and putative class members seek significant relief from Defendants.

22   **III.   PARTIES**

23       3.   Plaintiff brings this action on behalf of herself and other members of the general

24   public similarly situated. The named Plaintiff and the class of persons on whose behalf this action

25   is filed are current, former, and/or future employees of Defendants who work as hourly non-

26   exempt employees. At all times mentioned herein, the currently named Plaintiff is and was a

27   resident of California and was employed by Defendants in the State of California within the four

28   (4) years prior to the filing of this Complaint.

4.      Defendants employ Plaintiff as an hourly non-exempt employee from in or around January 2021, through the present, as a field specialist.

5.      Plaintiff is informed and believes and thereon alleges that Defendant employed her and other hourly non-exempt employees throughout the State of California and therefore their conduct forms a significant basis of the claims asserted in this matter.

6.      Plaintiff is informed and believes and thereon alleges that Defendant CURATIVE INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1-25 are, and at all times relevant hereto were persons acting on behalf of Defendant CURATIVE INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant CURATIVE INC. operates in Los Angeles County and employed Plaintiff and putative class members in Los Angeles County, including but not limited to, at 430 S Cataract Ave, San Dimas, CA 91773.

7.      Plaintiff is informed and believes and thereon alleges that Defendant YOH SERVICES LLC is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 26-50 are, and at all times relevant hereto were persons acting on behalf of Defendant YOH SERVICES LLC in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant YOH SERVICES LLC operates in Los Angeles County and employed Plaintiff and putative class members in Los Angeles County, including but not limited to, at 430 S Cataract Ave, San Dimas, CA 91773.

8.      Plaintiff is informed and believes and thereon alleges that Defendant DAY & ZIMMERMANN INTERNATIONAL, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 51-75 are, and at all times relevant hereto were persons acting on behalf of Defendant DAY & ZIMMERMANN INTERNATIONAL, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant DAY & ZIMMERMANN INTERNATIONAL, INC. operates in Los Angeles County and employed Plaintiff and putative class members in Los Angeles County, including but not limited to, at 430 S Cataract Ave, San

1    Dimas, CA 91773.

2        9.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 76-
3    100 are individuals unknown to Plaintiff. Each of the individual Defendants is sued individually in
4    his or her capacity as an agent, shareholder, owner, representative, s, supervisor, independent
5    contractor and/or employee of each Defendant and participated in the establishment of, or
6    ratification of, the aforementioned illegal wage and hour practices or policies.

7        10.    Plaintiff is unaware of the true names of Defendants DOES 1-100. Plaintiff sues
8    said defendants by said fictitious names and will amend this Complaint when the true names and
9    capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted
10    by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named
11    Defendants is in some manner responsible for the events and allegations set forth in this
12    Complaint.

13        11.    Plaintiff is informed and believes and thereon alleges that at all relevant times, each
14    Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director,
15    controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or
16    predecessor in interest of some or all of the other Defendants, and was engaged with some or all of
17    the other defendants in a joint enterprise for profit, and bore such other relationships to some or all
18    of the other defendants so as to be liable for their conduct with respect to the matters alleged in
19    this Complaint. Plaintiff is further informed and believe and thereon allege that each Defendant
20    acted pursuant to and within the scope of the relationships alleged above, and that at all relevant
21    times, each Defendant knew or should have known about, authorized, ratified, adopted, approved,
22    controlled, aided and abetted the conduct of all other defendants. As used in this Complaint,
23    "Defendant" means "Defendants and each of them," and refers to the Defendants named in the
24    particular cause of action in which the word appears and includes Defendants CURATIVE INC.;
25    YOH SERVICES LLC; DAY & ZIMMERMANN INTERNATIONAL, INC.; and DOES 1 to
26    100, inclusive.

27        12.    At all times mentioned herein, each Defendant was the co-conspirator, agent,
28    servant, employee, and/or joint venturer of each of the other defendants and was acting within the

1    course and scope of said conspiracy, agency, employment, and/or joint venture and with the

2    permission and consent of each of the other Defendants.

3          13.   Plaintiff makes the allegations in this Complaint without any admission that, as to

4    any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and

5    Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

6    **IV.    DESCRIPTION OF ILLEGAL PAY PRACTICES**

7          14.   Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order

8    ("Wage Order"), codified at California Code of Regulations, title 8, section 11040, Defendants are

9    employers of Plaintiff within the meaning of Wage Order 4 and applicable Labor Code sections.

10   Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of

11   herein in violation of the Wage Order and the Labor Code.

12         15.   **Failure to pay wages for all hours worked at the legal minimum wage:**

13   Defendants employed many of their employees, including Plaintiff, as hourly non-exempt

14   employees. In California, an employer is required to pay hourly employees for all "hours worked,"

15   which includes all time that an employee is under the control of the employer and all time the

16   employee is suffered and permitted to work. This includes the time an employee spends, either

17   directly or indirectly, performing services which inure to the benefit of the employer.

18         16.   Labor Code sections 1194 and 1197 require an employer to compensate employees

19   for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the

20   Wage Orders.

21         17.   Plaintiff and similarly situated hourly non-exempt employees worked more minutes

22   per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and

23   similarly situated employees all wages at the applicable minimum wage for all hours worked due

24   to Defendants' policies, practices, and/or procedures including, but not limited to:

25         (a)   "Rounding" down or "shaving" Plaintiff's and similarly situated

26   employees' total daily hours at the time of their clock-in and clock-out to the nearest quarter of an

27   hour, to the benefit of Defendants; and

28         (b)   Requiring Plaintiff and similarly situated employees to work off-the-clock

1    by, for example, requiring them to travel between Defendants' worksites.

2        18.   Plaintiff and similarly situated employees were not paid for this time resulting in

3    Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated

4    employees worked.

5        19.   Therefore, Defendants suffered, permitted, and required their hourly non-exempt

6    employees to be subject to Defendants' control without paying wages for that time. This resulted

7    in Plaintiff and similarly situated employees working time for which they were not compensated

8    any wages, in violation of Labor Code sections 1194, 1197, and Wage Order 4.

9        20.   **Failure to pay wages for overtime hours worked at the overtime rate of pay**:

10    Defendants employed many of their employees, including Plaintiff, as hourly non-exempt

11    employees. In California, an employer is required to pay hourly employees for all "hours worked,"

12    which includes all time that an employee is under the control of the employer and all time the

13    employee is suffered or permitted to work. This includes the time an employee spends, either

14    directly or indirectly, performing services which inure to the benefit of the employer.

15        21.   Labor Code sections 510 and 1194 and Wage Order 4 require an employer to

16    compensate employees at a higher rate of pay for hours worked in excess of eight (8) hours in a

17    workday, more than forty (40) hours in a workweek, and on any seventh consecutive day of work

18    in a workweek:

19           Any work in excess of eight hours in one workday and any work in excess of 40

20           hours in any one workweek and the first eight hours worked on the seventh day of
          work in any one workweek shall be compensated at the rate of no less than one and

21           one-half times the regular rate of pay for an employee. Any work in excess of 12
          hours in one day shall be compensated at the rate of no less than twice the regular

22           rate of pay for an employee. In addition, any work in excess of eight hours on any
          seventh day of a workweek shall be compensated at the rate of no less than twice

23           the regular rate of pay of an employee.

24    Labor Code section 510; Wage Order 4, §3.

25        22.   Defendants failed to pay Plaintiff and similarly situated employees all wages at the

26    applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or

27    procedures including, but not limited to:

28           (a)   "Rounding" down or "shaving" Plaintiff's and similarly situated

1  employees' total daily hours at the time of their clock-in and clock-out to the nearest quarter of an

2  hour, to the benefit of Defendants; and

3              (b)    Requiring Plaintiff and similarly situated employees to work off-the-clock

4  by, for example, requiring them to travel between Defendants' worksites.

5         23.    Plaintiff and similarly situated employees were not paid for this time.

6         24.    To the extent the employees had already worked 8 hours in the day and on

7  workweeks they had already worked 40 hours in a workweek, the employees should have been

8  paid overtime for this unpaid time. This resulted in hourly non-exempt employees working time

9  which should have been paid at the legal overtime rate but was not paid any wages in violation of

10  Labor Code sections 510, 1194, and Wage Order 4.

11         25.    Defendants' foregoing policies, practices, and/or procedures resulted in Defendants

12  failing to pay Plaintiff and similarly situated employees for all overtime hours worked, in violation

13  of Labor Code sections 510, 1194, 1198, and the Wage Order.

14         26.    **Failure to authorize or permit all legally required and compliant meal periods**

15  **and/or failure to pay meal period premium wages:** Defendants often employed hourly non-

16  exempt employees, including the named Plaintiff and similarly situated employees, for shifts

17  longer than five (5) hours in length and shifts longer than ten (10) hours in length.

18         27.    California law requires an employer to authorize or permit an uninterrupted meal

19  period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of

20  work and a second meal period no later than the employee's tenth hour of work. Labor Code §512;

21  Wage Order 4, §11. If the employee is not relieved of all duties during a meal period, the meal

22  period shall be considered an "on duty" meal period and counted as time worked. A paid "on

23  duty" meal period is only permitted when (1) the nature of the work prevents an employee from

24  being relieved of all duty and (2) the parties have a written agreement agreeing to on-duty meal

25  periods. If the employee is not free to leave the work premises or worksite during the meal period,

26  even if the employee is relieved of all other duty during the meal period, the employee is subject

27  to the employer's control and the meal period is counted as time worked. If an employer fails to

28  provide an employee a meal period in accordance with the law, the employer must pay the

1  employee one (1) hour of pay-at the employee's regular rate of pay for each workday that a legally

2  required and compliant meal period was not provided. Labor Code §226.7; Wage Order 4, §11.

3      28.    Here, Plaintiff and similarly situated employees worked shifts long enough to

4  entitle them to meal periods under California law. Nevertheless, Defendants employed policies,

5  practices, and/or procedures that resulted in their failure to authorize or permit meal periods to

6  Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour

7  period of work as required by law. Such policies, practices, and/or procedures included, but were

8  not limited to:

9          (a)    "Rounding" down or "shaving" Plaintiff's and similarly situated

10  employees' clock-in and clock-out for their meal periods to the nearest quarter of an hour,

11  resulting in meal periods that were less than thirty (30) minutes; and

12          (b)    Requiring Plaintiff and similarly situated employees to work without

13  receiving meal periods and/or take meal periods that were untimely and/or not duty-free.

14      29.    Additionally, Defendants failed to pay Plaintiff and similarly situated employees  a

15  meal period premium wage of one (1) additional hour of pay at their regular rate of compensation

16  for each workday the employees did not receive all legally required and compliant meal periods.

17  Defendants employed policies and procedures which ensured that employees did not receive any

18  meal period premium wages to compensate them for workdays in which they did not receive all

19  legally required and compliant meal periods.

20      30.    The aforementioned policies, practices, and/or procedures of Defendants resulted in

21  Plaintiff and similarly situated employees not being provided with all legally required and

22  compliant meal periods and/or not receiving premium wages to compensate them for such

23  instances, all in violation of California law.

24      31.    **Failure to authorize and permit all legally required and compliant rest periods**

25  **and/or failure to pay rest period premiums:** Defendants often employed non-exempt

26  employees, including the named Plaintiff and similarly situated employees, for shifts of least

27  three-and-a-half (3.5) hours.

28      32.    California law requires every employer to authorize and permit an employee a rest

period of-ten (10) net minutes for every four (4) hours worked or major fraction thereof. Labor Code §226.7; Wage Order 4, §12. If the employer fails to authorize or permit a required rest period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday the employer did not authorize or permit a legally required rest period. *Id.* Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code §226.7; Wage Order 4, §12. Rest periods, insofar as practicable, shall be in the middle of each work period. Wage Order 4, §12. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

33.     In this case, Plaintiff and similarly situated employees regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and similarly situated employees. Such policies, practices, and/or procedures included, but were not limited to:

(a)     Failing to authorize or permit Plaintiff and similarly situated employees a second uninterrupted duty-free rest period of a net ten (10) minutes for shifts exceeding six (6) hours.

34.     Additionally, Defendants failed to pay Plaintiff and similarly situated employees a rest period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant rest periods. Defendants employed policies and procedures which ensured that employees did not receive any rest period premium wages to compensate them for workdays in which they did not receive all legally required and compliant rest periods.

35.     The aforementioned policies, practices, and/or procedures of Defendants resulted in

Plaintiff and similarly situated employees not being provided with all legally required and compliant rest periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

36. **Failure to indemnify employees for losses and expenditures incurred as part of their employment:** Labor Code section 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer..." An employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. (Labor Code section 2802).

37. Defendants employed policies, practices, and/or procedures of impermissibly passing business-related expenses to Plaintiff and similarly situated employees. These policies, practices, and/or procedures included, but were not limited to:

(a) Requiring Plaintiff and similarly situated employees to use their personal cell phones for work-related purposes, such as to clock in and clock out for shifts and meal periods using an application and/or website accessed using their personal cell phones - without reimbursing Plaintiff and similarly situated employees for the costs associated with such use; and

(b) Requiring Plaintiffs and similarly situated employees to use their personal vehicles for work-related purposes, such as to travel to job sites - without reimbursing Plaintiff and similarly situated employees for the costs associated with such use if the job site was under fifty (50) miles.

38. The costs incurred by Plaintiffs and similarly situated employees to use their own cell phones and vehicles for their mandatory compliance with Defendants' aforementioned policies, practices, and/or procedures were significant as a result of their employment with Defendants.

39. Defendants employed policies and procedures which ensured Plaintiffs and similarly situated employees would not receive indemnification for the aforementioned necessary expenditures incurred as a result of their employment with Defendants.

40. Defendants' aforementioned policies, practices, and/or procedures resulted in

1   Plaintiffs and similarly situated California-based employees not receiving indemnification for

2   employment-related expenditures, in violation of Labor Code section 2802.

3       41.   **Failure to timely pay earned wages during employment**: In California, wages

4   must be paid at least twice during each calendar month on days designated in advance by the

5   employer as regular paydays, subject to some exceptions. Labor Code §204(a). Wages earned

6   between the 1st and 15th days, inclusive, of any calendar month must be paid between the 16th

7   and the 26th day of that month and wages earned between the 16th and the last day, inclusive, of

8   any calendar month must be paid between the 1st and 10th day of the following month. *Id*. Other

9   payroll periods such as those that are weekly, biweekly, or semimonthly, must be paid within

10  seven (7) calendar days following the close of the payroll period in which wages were earned.

11  Labor Code §204(d).

12      42.   In direct violation of Labor Code section 226(a), Plaintiff alleges that Defendants

13  failed to provide Plaintiff and similarly situated employees with wage statements that stated the

14  name and the address of the legal entity that is the employer. In this case, Defendants provided

15  Plaintiff and similarly situated employees with wage statements that identified both Defendant

16  Yoh Services LLC as the employer and Defendant Day & Zimmerman as the employer at the

17  same address.

18      43.   As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed

19  to timely pay Plaintiff's and similarly situated employees' earned wages (including minimum

20  wages, overtime wages, meal period premium wages, and/or rest period premium wages), in

21  violation of Labor Code section 204.

22      44.   Defendants' aforementioned policies, practices, and/or procedures resulted in their

23  failure to pay Plaintiff and similarly situated employees their earned wages within the applicable

24  time frames outlined in Labor Code section 204.

25      45.   **Failure to provide accurate wage statements**: Labor Code section 226(a)

26  provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish

27  each of his or her employees ... an itemized statement in writing showing (1) gross wages earned,

28  (2) total hours worked by the employee, except for any employee whose compensation is solely

1  based on a salary and who is exempt from payment of overtime under subdivision (a) of Section

2  515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate

3  units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

4  deductions, provided, that all deductions made on written orders of the employee may be

5  aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period

6  for which the employee is paid, (7) the name of the employee and his or her social security

7  number, (8) the name and address of the legal entity that is the employer, and (9) all applicable

8  hourly rates in effect during the pay period and the corresponding number of hours worked at each

9  hourly rate by the employee."

10  46.  As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed

11  to provide accurate wage and hour statements to her and other similarly situated employees who

12  were subject to Defendants' control for uncompensated time and who did not receive all their

13  earned wages (including minimum wages, overtime wages, meal period premium wages, and/or

14  rest period premium wages), in violation of Labor Code section 226.

15  47.  **Failure to timely pay final wages**: An employer is required to pay all unpaid

16  wages timely after an employee's employment ends. The wages are due immediately upon

17  termination or within seventy-two (72) hours of resignation. Labor Code §§201, 202.

18  48.  As a result of the aforementioned violations of the Labor Code, Plaintiff alleges

19  that she, and on information and belief, other similarly situated employees, were not paid their

20  final wages in a timely manner as required by Labor Code section 203. Minimum wages for all

21  hours worked, overtime wages for overtime hours worked, meal period premium wages, and/or

22  rest period premium wages (all described above), were not paid at the time of Plaintiff's and other

23  similarly situated employees' separation of employment, whether voluntarily or involuntarily, as

24  required by Labor Code sections 201, 202, and 203.

25  **V.  CLASS DEFINITIONS AND CLASS ALLEGATIONS**

26  49.  Plaintiff brings this action on behalf of herself, on behalf of others similarly

27  situated, and on behalf of the general public, and as members of a Class defined as follows:

28  A.  **Minimum Wage Class**: All current and former hourly non-exempt

1    employees employed by Defendants in California at any time from four (4) years prior to the filing

2    of the initial Complaint in this matter through the date notice is mailed to a certified class who

3    were not paid at least minimum wage for all time they were subject to Defendants' control.

4    　　　　B.    **Overtime Class:** All current and former hourly non-exempt employees

5    employed by Defendants in California at any time from four (4) years prior to the filing of the

6    initial Complaint in this matter through the date notice is mailed to a certified class who worked

7    more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a

8    workweek, to whom Defendants did not pay overtime wages.

9    　　　　C.    **Meal Period Class:** All current and former hourly non-exempt employees

10    employed by Defendants in California at any time from four (4) years prior to the filing of the

11    initial Complaint in this matter through the date notice is mailed to a certified class who worked

12    shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free

13    meal periods of not less than thirty (30) minutes.

14    　　　　D.    **Rest Period Class:** All current and former hourly non-exempt employees

15    employed by Defendants in California at any time from four (4) years prior to the filing of the

16    initial Complaint in this matter through the date notice is mailed to a certified class who worked

17    shifts of at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods

18    of a net ten (10) minutes for every four (4) hours worked or major fraction thereof.

19    　　　　E.    **Indemnification Class:** All current and former hourly non-exempt

20    employees employed by Defendants in California at any time from four (4) years prior to the filing

21    of the initial Complaint in this action through the date notice is mailed to a certified class and who

22    did not receive indemnification to reimburse them for the necessary expenditures incurred in the

23    discharge of their duties.

24    　　　　F.    **Pay Day Class:** All current and former hourly non-exempt employees

25    employed by Defendants in California at any time from four (4) years prior to the filing of the

26    initial Complaint in this action through the date notice is mailed to a certified class who were not

27    timely paid earned wages during their employment.

28    　　　　G.    **Wage Statement Class:** All current and former hourly non-exempt

1   employees employed by Defendants in California at any time from one (1) year prior to the filing

2   of the initial Complaint in this action through the date notice is mailed to a certified class who

3   received inaccurate or incomplete wage and hour statements.

4          H.    **Waiting Time Class**: All current and former hourly non-exempt employees

5   employed by Defendants in California at any time from three (3) years prior to the filing of the

6   initial Complaint in this action through the date notice is mailed to a certified class who did not

7   receive payment of all unpaid wages upon separation of employment within the statutory time

8   period.

9          I.    **California Class**: All aforementioned classes are herein collectively

10   referred to as the "California Class."

11       50.    There is a well-defined community of interest in the litigation and the classes are

12   ascertainable:

13          A.    **Numerosity**: While the exact number of class members in each class is

14   unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder

15   of all members is impractical under the circumstances of this case.

16          B.    **Common Questions Predominate**: Common questions of law and fact

17   exist as to all members of the Plaintiff classes and predominate over any questions that affect only

18   individual members of each class. The common questions of law and fact include, but are not

19   limited to:

20          i.    Whether Defendants violated Labor Code sections 1194 and 1197

21   by not paying wages at the minimum wage rate for all time that the Minimum Wage Class

22   Members were subject to Defendants' control;

23          ii.    Whether Defendants violated Labor Code sections 510 and 1194 by

24   not paying the Overtime Class Members at the applicable overtime rate for working in excess of

25   eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in

26   a workweek;

27          iii.    Whether Defendants violated Labor Code sections 512 and 226.7, as

28   well as the applicable Wage Order, by employing the Meal Period Class Members without

1  providing all compliant and/or required meal periods and/or paying meal period premium wages;

2          iv.    Whether Defendants violated Labor Code section 226.7 by

3  employing the Rest Period Class Members without providing all compliant and/or required rest

4  periods and/or paying rest period premium wages;

5          v.    Whether Defendants violated Labor Code section 2802 by failing to

6  provide Indemnification Class Members with reimbursement of costs to compensate them for the

7  necessary expenditures incurred in the discharge of their duties;

8          vi.    Whether Defendants violated Labor Code section 204 by employing

9  Pay Day Class Members without timely paying them all earned wages during their employment;

10          vii.    Whether Defendants failed to provide the Wage Statement Class

11  Members with accurate itemized statements at the time they received their itemized statements;

12          viii.    Whether Defendants failed to provide the Waiting Time Class

13  Members with all of their earned wages upon separation of employment within the statutory time

14  period;

15          ix.    Whether Defendants committed unlawful business acts or practice

16  within the meaning of Business and Professions Code sections 17200, *et seq.*;

17          x.    Whether Class Members are entitled to unpaid wages, penalties, and

18  other relief pursuant to their claims;

19          xi.    Whether, as a consequence of Defendants' unlawful conduct, the

20  Class Members are entitled to restitution, and/or equitable relief; and

21          xii.    Whether Defendants' affirmative defenses, if any, raise any common

22  issues of law or fact as to Plaintiff and as to Class Members as a whole.

23          C.    **Typicality**: Plaintiff's claims are typical of the claims of the class members

24  in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages

25  arising out of Defendants' failure to pay wages at least at minimum wage for all time the

26  employees were subject to Defendants' control. Plaintiff and members of the Overtime Wage

27  Class sustained damages arising out of Defendants' failure to pay overtime wages for overtime

28  hours worked. Plaintiff and members of the Meal Period Class sustained damages arising out of

Defendants' failure to provide non-exempt employees with all required meal periods and/or meal periods that were duty-free and not less than thirty (30) minutes and/or failure to pay meal period premium wages as compensation. Plaintiff and members of the Rest Period Class sustained damages arising out of Defendants' failure to provide non-exempt employees with all required rest periods and/or rest periods that were duty-free and of a net ten (10) minutes and/or failure to pay rest period premium wages as compensation. Plaintiff and members of the Indemnification Class sustained damages from Defendants' failure to provide reimbursement of costs to compensate them for the necessary expenditures incurred in the discharge of their duties. Plaintiff and members of the Pay Day Class sustained damages arising out of Defendants' failure to timely pay them all wages earned during their employment in compliance with Labor Code section 204. Plaintiff and members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage statements in compliance with Labor Code section 226. Plaintiff and members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet earned wages due upon separation of employment within the statutory time limit.

D.     **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members.

E.     **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the

1    potential for inconsistent or contradictory judgments.

2            F.    **Public Policy Consideration**: Employers throughout the state violate wage

3    and hour laws. Current employees often are afraid to assert their rights out of fear of direct or

4    indirect retaliation. Former employees fear bringing actions because they perceive their former

5    employers can blacklist them in their future endeavors with negative references or by other means.

6    Class actions provide the class members who are not named in the Complaint with a type of

7    anonymity that allows for vindication of their rights.

8                    <u>**FIRST CAUSE OF ACTION**</u>

9    **FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM**

10        **WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

11            **(Against All Defendants by Plaintiff and the Minimum Wage Class)**

12        51.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

13        52.    At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class

14    were hourly non-exempt employees of Defendants.

15        53.    Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and the

16    Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time they were

17    subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in

18    effect during the time the employees earned the wages.

19        54.    Defendants' policies, practices, and/or procedures required Plaintiff and the

20    Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for

21    all of the time in which they were subject to Defendants' control.

22        55.    Defendants employed policies, practices, and/or procedures including, but not

23    limited to:

24            (a)    "Rounding" down or "shaving" Plaintiff's and the Minimum Wage Class'

25    total daily hours at the time of their clock-in and clock-out to the nearest quarter of an hour, to the

26    benefit of Defendants; and

27            (b)    Requiring Plaintiff and the Minimum Wage Class to work off-the-clock by,

28    for example, requiring them to travel between Defendants' worksites.

1   56.   Plaintiff and the Minimum Wage Class were not paid for this time resulting in

2   Defendants' failure to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class

3   worked.

4   57.   As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage

5   Class have suffered damages in an amount subject to proof, to the extent that they were not paid

6   wages at a minimum wage rate for all hours worked.

7   58.   Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Minimum

8   Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in

9   the amount of their unpaid minimum wage, and attorneys' fees and costs.

10   **SECOND CAUSE OF ACTION**

11   **FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE**

12   **SECTIONS 510 and 1194**

13   **(Against All Defendants by Plaintiff and the Overtime Class)**

14   59.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

15   60.   At times relevant to this Complaint, Plaintiff and the Overtime Class were hourly

16   non-exempt employees of Defendants, covered by Labor Code sections 510 and 1194 and the

17   Wage Order 4.

18   61.   Pursuant to Labor Code sections 510 and 1194 and the Wage Order 4, hourly non-

19   exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of

20   eight (8) hours in a workday, forty (40) hours in a workweek, and on the seventh day of work in a

21   workweek.

22   62.   Labor Code section 510, subdivision (a), states in relevant part:

23   Eight hours of labor constitutes a day's work. Any work in excess of eight hours in
     one workday and any work in excess of 40 hours in any one workweek and the first

24   eight hours worked on the seventh day of work in any one workweek shall be

25   compensated at the rate of no less than one and one-half times the regular rate of
     pay for an employee. Any work in excess of 12 hours in one day shall be

26   compensated at the rate of no less than twice the regular rate of pay for an
     employee. In addition, any work in excess of eight hours on any seventh day of a

27   workweek shall be compensated at the rate of no less than twice the regular rate of
     pay of an employee. Nothing in this section requires an employer to combine more

28   than one rate of overtime compensation in order to calculate the amount to be paid

to an employee for any hour of overtime work.

63.     Further, Labor Code section 1198 provides,

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

64.     Despite California law requiring employers to pay employees a higher rate of pay for all hours worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and on the seventh day of work in a workweek, Defendants failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked.

65.     Specifically, Defendants' employed policies, practices, and/or procedures including, but not limited to:

        (a)     "Rounding" down or "shaving" Plaintiff's and the Overtime Class' total daily hours at the time of their clock-in and clock-out to the nearest quarter of an hour, to the benefit of Defendants; and

        (b)     Requiring Plaintiff and the Overtime Class to work off-the-clock by, for example, requiring them to travel between Defendants' worksites.

66.     Plaintiff and the Overtime Class were not paid for this time.

67.     To the extent that the foregoing unpaid time resulted from Plaintiff and the Overtime Class being subject to the control of Defendants when they worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven days in a workweek, Defendants failed to pay them at their overtime rate of pay for all the overtime hours they worked.

68.     As a result of Defendants' unlawful conduct, Plaintiff and the Overtime Class have suffered damages in an amount subject to proof, to the extent that they were not paid at their overtime rate of pay for all hours worked which constitute overtime.

69.     Pursuant to Labor Code section 1194, Plaintiff and the Overtime Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorneys' fees and costs.

///

///

### THIRD CAUSE OF ACTION

**FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**

**(Against All Defendants by Plaintiff and the Meal Period Class)**

70.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

71.     At all times relevant to this Complaint, Plaintiff and the Meal Period Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 512 and 226.7 and the Wage Order.

72.     California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code sections 226.7, 512; Wage Order 4, §11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at the work site or facility during the meal period, the meal period must be paid. This is true even where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code section 226.7 provides that if an employee does not receive a required meal or rest period that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

73.     In this case, Plaintiff and the Meal Period Class worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to:

(a)     "Rounding" down or "shaving" Plaintiff's and the Meal Period Class' clock-in and clock-out for their meal periods to the nearest quarter of an hour, resulting in meal

1    periods that were less than thirty (30) minutes; and

2                    (b)    Requiring Plaintiff and the Meal Period Class to work without receiving

3    meal periods and/or take meal periods that were untimely and/or not duty-free.

4            74.    Additionally, Defendants failed to pay Plaintiff and the Meal Period Class one (1)

5    hour of pay at their regular rate of pay for each workday they did not receive all legally required

6    and legally compliant meal periods. Defendants lacked a policy and procedure for compensating

7    Plaintiff and the Meal Period Class with premium wages when they did not receive all legally

8    required and legally compliant meal periods.

9            75.    Defendants' unlawful conduct alleged herein occurred in the course of employment

10   of Plaintiff and the Meal Period Class and such conduct has continued through the filing of this

11   Complaint.

12           76.    Because Defendants failed to provide employees with meal periods in compliance

13   with the law, Defendants are liable to Plaintiff and the Meal Period Class for one (1) hour of

14   additional pay at the regular rate of compensation for each workday that Defendants did not

15   provide all legally required and legally compliant meal periods, pursuant to Labor Code section

16   226.7 and the Wage Order.

17           77.    Plaintiff, on behalf of herself and the Meal Period Class, seeks damages and all

18   other relief allowable, including a meal period premium wage for each workday Defendants failed

19   to provide all legally required and legally compliant meal periods, plus pre-judgment interest.

20                            **FOURTH CAUSE OF ACTION**

21   **FAILURE TO AUTHORIZE OR PERMIT REQUIRED REST PERIODS IN VIOLATION**

22                        **OF LABOR CODE SECTION 226.7**

23           **(Against All Defendants by Plaintiff and the Rest Period Class)**

24           78.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

25           79.    At all times relevant to this Complaint, Plaintiff and the Rest Period Class were

26   employees of Defendants, covered by Labor Code section 226.7 and Wage Order 4.

27           80.    California law requires that "[e]very employer shall authorize and permit all

28   employees to take rest periods, which insofar as practicable shall be in the middle of each work

period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof...." Wage Order 4, §12. Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code §226.7. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.* If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided." Wage Order 4, §12; Labor Code §226.7.

81.     In this case, Plaintiff and the Rest Period Class regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and the Rest Period Class. Such policies, practices, and/or procedures included, but were not limited to:

(a)     Failing to authorize or permit Plaintiff and the Rest Period Class a second uninterrupted duty-free rest period of a net ten (10) minutes for shifts exceeding six (6) hours.

82.     Additionally, Defendants failed to pay Plaintiff and the Rest Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant rest periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Rest Period Class with premium wages when they did not receive all legally required and legally compliant rest periods.

83.     Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and the Rest Period Class and such conduct has continued through the filing of this Complaint.

84.   Because Defendants failed to provide employees with rest periods in compliance with the law, Defendants are liable to Plaintiff and the Rest Period Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant rest periods, pursuant to Labor Code section 226.7 and the Wage Order.

85.   Plaintiff, on behalf of herself and the Rest Period Class, seeks damages and all other relief allowable, including a rest period premium wage for each workday Defendants failed to provide all legally required and legally compliant rest periods, plus pre-judgment interest.

## FIFTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED LOSSES AND EXPENDITURES IN VIOLATION OF LABOR CODE SECTION 2802

#### (Against All Defendants by Plaintiff and the Indemnification Class)

86.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

87.   Plaintiff and members of the Indemnification Class have been employed by Defendants in the State of California. Labor Code section 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…" An employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. (Labor Code section 2802).

88.   Defendants violated Labor Code section 2802 by employing policies, practices, and/or procedures of impermissibly passing business-related expenses to Plaintiff and Indemnification Class Members. These policies, practices, and/or procedures included, but were not limited to:

(a)   Requiring Plaintiff and Indemnification Class Members to use their personal cell phones for work-related purposes, such as to clock in and clock out for shifts and meal periods using an application and/or website accessed using their personal cell phones - without reimbursing Plaintiff and Indemnification Class Members for the costs associated with such use; and

(b)    Requiring Plaintiff and Indemnification Class Members to use their personal vehicles for work-related purposes including travel to and from different job sites, without reimbursing Plaintiff and Indemnification Class Members for the costs associated with such use, if the job site was under fifty (50) miles.

89.    The costs incurred by Plaintiff and Indemnification Class Members to use their own cell phones and vehicles for their mandatory compliance with Defendants' aforementioned policies, practices, and/or procedures were significant as a result of their employment with Defendants.

90.    Moreover, Defendants employed policies and procedures which ensured that Plaintiff and Indemnification Class Members would not receive indemnification for all necessary expenditures or losses incurred by them in direct consequence of discharging their duties. Defendants' aforementioned policies, practices, and/or procedures resulted in Plaintiff and Indemnification Class Members not receiving indemnification for employment-related expenditures in compliance with California law.

91.    Because Defendants failed to indemnify employees for the necessary expenditures incurred in the discharge of their duties, they are liable to Plaintiff and Indemnification Class Members for monies to compensate them for such expenditures or losses pursuant to Labor Code section 2802.

92.    As a direct and proximate result of Defendants' violation of Labor Code section 2802, Plaintiff and Indemnification Class Members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of herself and on behalf of the Indemnification Class, seeks damages and all other relief allowable including indemnification for all employment-related expenses as well as ordinary business expenses incurred by Defendants and passed on to Plaintiff and Indemnification Class Members, pursuant to Labor Code section 2802.

93.    Pursuant to Labor Code Section 2802, Plaintiff and Indemnification Class Members are entitled to recover full indemnification, reasonable attorneys' fees and costs of suit.

///

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY EARNED WAGES DURING EMPLOYMENT IN
### VIOLATION OF LABOR CODE SECTION 204

#### (Against All Defendants by Plaintiff and the Pay Day Class)

94.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

95.    Plaintiff and the Pay Day Class have been employed by Defendants in the State of California. In California, wages must be paid at least twice during each calendar month on days designated in advance by the employer as regular paydays, subject to some exceptions. Labor Code §204(a). Wages earned between the 1st and 15th days, inclusive, of any calendar month must be paid between the 16th and the 26th day of that month and wages earned between the 16th and the last day, inclusive, of any calendar month must be paid between the 1st and 10th day of the following month. *Id*. Other payroll periods such as those that are weekly, biweekly, or semimonthly, must be paid within seven (7) calendar days following the close of the payroll period in which wages were earned. Labor Code §204(d).

96.    As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to timely pay Plaintiff's and the Pay Day Class' earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 204.

97.    Defendants' aforementioned policies, practices, and/or procedures resulted in their failure to pay Plaintiff and the Pay Day Class their earned wages within the applicable time frames outlined in Labor Code section 204.

98.    Defendants' failure to timely pay Plaintiff and the Pay Day Class their earned wages in accordance with Labor Code section 204 was willful. Defendants had the ability to timely pay all wages earned by hourly workers in accordance with Labor Code section 204, but intentionally adopted policies or practices incompatible with the requirements of Labor Code section 204. When Defendants failed to timely pay Plaintiff and the Pay Day Class all earned wages, they knew what they were doing and intended to do what they did.

99.    As a result of Defendants' unlawful conduct, Plaintiff and the Pay Day Class have

suffered damages in an amount subject to proof, to the extent that they were not timely paid their earned wages pursuant to Labor Code section 204.

100. Pursuant to Labor Code section 210, Plaintiff and the Pay Day Class are entitled to recover civil penalties as follows: (1) for any initial violation, one hundred dollars ($100) for each failure to pay each employee; and (2) for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus twenty-five (25%) percent of the amount unlawfully withheld.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN

## VIOLATION OF LABOR CODE SECTION 226

### (Against All Defendants by Plaintiff and the Wage Statement Class)

101. Plaintiff incorporates all paragraphs above as though fully set forth herein.

102. At all times relevant to this Complaint, Plaintiff and the Wage Statement Class were hourly, non-exempt employees of Defendants, covered by Labor Code section 226.

103. Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

104. In direct violation of Labor Code section 226(a), Plaintiff alleges that Defendants failed to provide Plaintiff and Wage statement Class Members with wage statements that stated the name and the address of the legal entity that is the employer. In this case, Defendants provided Plaintiff and Wage Statement Class Members with wage statements that identified both Defendant

1   Yoh Services LLC as the employer and Defendant Day & Zimmerman as the employer at the
2   same address.

3        105.   As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed
4   to provide accurate wage and hour statements to her and the Wage Statement Class who were
5   subject to Defendants' control for uncompensated time and who did not receive all their earned
6   wages (including minimum wages, overtime wages, meal period premium wages, and/or rest
7   period premium wages), in violation of Labor Code section 226.

8        106.   Defendants provided Plaintiff and the Wage Statement Class with itemized
9   statements which stated inaccurate information including, but not limited to, the number of hours
10  worked, the gross wages earned, and the net wages earned.

11       107.   Defendants' failure to provide Plaintiff and the Wage Statement Class with
12  accurate wage statements was knowing and intentional. Defendants had the ability to provide
13  Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided
14  wage statements they knew were not accurate. Defendants knowingly and intentionally put in
15  place practices which deprived employees of wages and resulted in Defendants knowingly and
16  intentionally providing inaccurate wage statements. These practices included Defendants' failure
17  to include all hours worked and all wages due.

18       108.   As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement
19  Class have suffered injury. The absence of accurate information on their wage statements has
20  prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and
21  mathematical computations to determine the amount of wages owed, and will cause difficulty and
22  expense in attempting to reconstruct time and pay records. Defendants' conduct led to the
23  submission of inaccurate information about wages and amounts deducted from wages to state and
24  federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to
25  participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage
26  Statement Class from having to reconstruct time and pay records than if Defendants had complied
27  with their legal obligations.

28       109.   Pursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are

entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

110.   Pursuant to Labor Code section 226(h), Plaintiff and the Wage Statement Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code section 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed Wage Statement Class members with inaccurate wage statements in violation of Labor Code section 226(a) and currently employed Wage Statement Class members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants' compliance with Labor Code section 226(a).

111.   Pursuant to Labor Code sections 226(e) and 226(h), Plaintiff and the Wage Statement Class are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorneys' fees, and costs of suit.

### EIGHTH CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

**(Against All Defendants by Plaintiff and the Waiting Time Class)**

112.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

113.   At all times relevant to this Complaint, Plaintiff and the Waiting Time Class were employees of Defendants, covered by Labor Code sections 201 and 202.

114.   An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code §§201, 202. If an employee gave seventy-two (72) hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation. *Id.*

115.   Defendants failed to pay Plaintiff and on information and belief, the Waiting Time Class, with all wages earned and unpaid prior to separation of employment, in accordance with

1    either Labor Code section 201 or 202. Plaintiff is informed and believes and thereon alleges that at

2    all relevant times within the limitations period applicable to this cause of action, Defendants

3    maintained a policy or practice of not paying hourly employees all earned wages timely upon

4    separation of employment.

5         116.    Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages

6    earned prior to separation of employment timely in accordance with Labor Code sections 201 and

7    202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to

8    separation of employment in accordance with Labor Code sections 201 and 202, but intentionally

9    adopted policies or practices incompatible with the requirements of Labor Code sections 201 and

10    202. Defendants' practices include failing to pay at least minimum wage for all time worked,

11    overtime wages for all overtime hours worked, meal period premium wages, and/or rest period

12    premium wages. When Defendants failed to pay Plaintiff and the Waiting Time Class all earned

13    wages timely upon separation of employment, they knew what they were doing and intended to do

14    what they did.

15         117.    Pursuant to either Labor Code section 201 or 202, Plaintiff and the Waiting Time

16    Class are entitled to all wages earned prior to separation of employment that Defendants have yet

17    to pay them.

18         118.    Pursuant to Labor Code section 203, Plaintiff and the Waiting Time Class are

19    entitled to continuation of their wages, from the day their earned and unpaid wages were due until

20    paid, up to a maximum of thirty (30) days.

21         119.    As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have

22    suffered damages in an amount, subject to proof, to the extent they were not paid for all wages

23    earned prior to separation.

24         120.    As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have

25    suffered damages in an amount, subject to proof, to the extent they were not paid all continuation

26    wages owed under Labor Code section 203.

27         121.    Plaintiff and the Waiting Time Class are entitled to recover the full amount of their

28    unpaid wages, continuation wages under Labor Code section 203, and interest thereon.

**NINTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, et seq.**

**(Against All Defendants by Plaintiff and the California Class)**

122.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

123.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. This unfair conduct includes Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay employees at least at the minimum wage rate for all hours which they worked; failure to pay overtime wages for all overtime hours worked; failure to authorize or permit all legally required and compliant meal periods or pay meal period premium wages; failure to authorize or permit all legally required and compliant rest periods or pay rest period premium wages; failure to indemnify all necessary expenditures or losses incurred in direct consequence of discharging duties; failure to timely pay wages; failure to provide accurate wage and hour statements; and failure to timely pay all wages due upon separation of employment. Due to their unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay minimum wages for all hours worked; pay overtime wages for all overtime hours worked; authorize or permit all legally required and compliant meal periods or pay meal period premium wages; authorize or permit all legally required and compliant rest periods or pay rest period premium wages; indemnify all necessary expenditures or losses incurred in direct consequence of discharging duties;  timely pay wages; provide accurate wage and hour statements; and timely pay all wages due upon separation of employment.

124.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the California Class have suffered injury in fact and lost money or property, as described in more detail above.

125.    Pursuant to Business and Professions Code section 17203, Plaintiff and the California Class are entitled to restitution of all wages and other monies rightfully belonging to

1  them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair

2  business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California

3  Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in

4  each of the unlawful policies, practices, and/or procedures set forth herein.

5  **PRAYER FOR RELIEF**

6  **WHEREFORE, PLAINTIFF ON HER OWN BEHALF AND ON BEHALF OF**

7  **THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

8  **ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH,**

9  **EIGHTH, AND NINTH CAUSES OF ACTION:**

10  1.    That the Court determine that this action may be maintained as a class action (for

11  the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of

12  Civil Procedure section 382 and any other applicable law;

13  2.    That the named Plaintiff be designated as a class representative for the California

14  Class (and all sub-classes thereof);

15  3.    For a declaratory judgment that the policies, practices, and/or procedures

16  complained herein are unlawful; and

17  4.    For an injunction against Defendants enjoining them, and any and all persons

18  acting in concert with them, from engaging in each of the unlawful policies, practices, and/or

19  procedures set forth herein.

20  **ON THE FIRST CAUSE OF ACTION:**

21  1.    That Defendants be found to have violated the minimum wage provisions of the

22  Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

23  2.    For damages, according to proof, including but not limited to unpaid wages;

24  3.    For any and all legally applicable penalties;

25  4.    For liquidated damages pursuant to Labor Code section 1194.2;

26  5.    For pre-judgment interest, including but not limited to that recoverable under Labor

27  Code section 1194, and post-judgment interest;

28  6.    For attorneys' fees and costs of suit, including but not limited to that recoverable

1    under Labor Code section 1194;

2       7.    For pre-judgment interest, including but not limited to that recoverable under Labor

3    Code section 218.6, and post-judgment interest; and,

4       8.    For such other further relief, in law and/or equity, as the Court deems just or

5    appropriate.

6                  **ON THE SECOND CAUSE OF ACTION:**

7       1.    That Defendants be found to have violated the overtime provisions of the Labor

8    Code and the IWC Wage Order as to Plaintiff and the Overtime Class;

9       2.    For damages, according to proof, including but not limited to unpaid wages;

10       3.    For any and all legally applicable penalties;

11       4.    For pre-judgment interest, including but not limited to that recoverable under Labor

12    Code section 1194, and post-judgment interest;

13       5.    For attorneys' fees and costs of suit, including but not limited to that recoverable

14    under Labor Code section 1194; and

15       6.    For such other further relief, in law and/or equity, as the Court deems just or

16    appropriate.

17                  **ON THE THIRD CAUSE OF ACTION:**

18       1.    That Defendants be found to have violated the meal period provisions of the Labor

19    Code and the IWC Wage Order as to Plaintiff and the Meal Period Class;

20       2.    For damages, according to proof, including unpaid premium wages;

21       3.    For any and all legally applicable penalties;

22       4.    For pre-judgment interest, including but not limited to that recoverable under Labor

23    Code section 218.6, and post-judgment interest; and

24       5.    For such other further relief, in law and/or equity, as the Court deems just or

25    appropriate.

26                  **ON THE FOURTH CAUSE OF ACTION:**

27       1.    That Defendants be found to have violated the rest period provisions of the Labor

28    Code and the IWC Wage Order as to Plaintiff and the Rest Period Class;

1   2.   For damages, according to proof, including unpaid premium wages;

2   3.   For any and all legally applicable penalties;

3   4.   For pre-judgment interest, including but not limited to that recoverable under Labor

4   Code section 218.6, and post-judgment interest; and

5   5.   For such other further relief, in law and/or equity, as the Court deems just or

6   appropriate.

7   **ON THE FIFTH CAUSE OF ACTION:**

8   1.   That the Defendants be found to have violated the indemnification provisions of the

9   Labor Code as to the Plaintiff and the Indemnification Class;

10   2.   For damages, according to proof, including but not limited to, costs associated with

11   use of personal cell phones and vehicles;

12   3.   For any and all legally applicable penalties;

13   4.   For pre-judgment interest, including but not limited to that recoverable under Labor

14   Code section 2802, and post-judgment interest;

15   5.   For attorneys' fees and costs of suit, including but not limited to that recoverable

16   under Labor Code section 2802; and

17   6.   For such other further relief, in law and/or equity, as the Court deems just or

18   appropriate.

19   **ON THE SIXTH CAUSE OF ACTION:**

20   1.   That Defendants be found to have violated Labor Code 204 as to Plaintiff and the

21   Pay Day Class;

22   2.   For damages, according to proof;

23   3.   For any and all legally applicable penalties, including but not limited to those

24   recoverable pursuant to Labor Code section 210(a);

25   4.   For pre-judgment interest, including but not limited to that recoverable under Labor

26   Code section 218.6, and post-judgment interest; and

27   5.   For such other further relief, in law and/or equity, as the Court deems just or

28   appropriate.

## ON THE SEVENTH CAUSE OF ACTION:

1.    That Defendants be found to have violated the provisions of the Labor Code regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

2.    For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 226, subdivision (e), and any other legally applicable damages or penalties;

3.    For pre-judgment interest and post-judgment interest;

4.    For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in violations of Labor Code section 226(a);

5.    For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 226, subdivision (e); and,

6.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE EIGHTH CAUSE OF ACTION:

1.    That Defendants be found to have violated the provisions of the Labor Code regarding payment of all unpaid wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

2.    For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.    For pre-judgment interest, including under Labor Code section 218.6, and post-judgment interest; and,

4.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

///

///

///

///

## ON THE NINTH CAUSE OF ACTION:

1.    That Defendants be found to have violated Business and Professions Code sections 17200, *et seq.*, for the conduct alleged herein as to the California Class;

2.    A declaratory judgment that the practices complained herein are unlawful;

3.    An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.    For restitution to the full extent permitted by law; and

5.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: May 25, 2021            Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By:   *Danielle Montero*

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Danielle E. Montero, Esq.
Attorneys for Plaintiff
BRIANA BELNAVIS,
on behalf of herself and others similarly situated

### DEMAND FOR JURY TRIAL

Plaintiff BRIANA BELNAVIS demands a trial by jury for herself and the California Class on all claims so triable.

Dated: May 25, 2021            Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By:   *Danielle Montero*

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Danielle E. Montero, Esq.
Attorneys for Plaintiff
BRIANA BELNAVIS,
on behalf of herself and others similarly situated

| SHORT TITLE: Belnavis v. Curative Inc., et al. | CASE NUMBER: 21STCV19811 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**BY FAX**

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: Belnavis v. Curative Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | | 2, 6 |
| | | ☐ A6032  Quiet Title | | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC CIV 109 Rev. 12/18

For Mandatory Use

Local Rule 2.3

| SHORT TITLE: Belnavis v. Curative Inc., et al. | CASE NUMBER |
| --- | --- |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Belnavis v. Curative Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| | | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___May 25, 2021___

_Danielle Montero_
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 276483) <br> Danielle E. Montero, Esq. (SBN 333945) <br> LAVI & EBRAHIMIAN, LLP <br> 8889 West Olympic Boulevard, Suite 200, Beverly Hills, CA, 90211 <br> TELEPHONE NO.: (310) 432-0000   FAX NO.: (310) 432-0001 <br> ATTORNEY FOR *(Name):* Plaintiff Briana Belnavis | FOR COURT USE ONLY <br> **CONFORMED COPY ORIGINAL FILED** <br> Superior Court of California <br> County of Los Angeles <br> **MAY 25 2021** <br> Sherri R. Carter, Executive Officer/Clerk of Court <br> **BY FAX** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse - Central District

| CASE NAME: <br> Belnavis v. Curative Inc., et al. | |
|---|---|
| **CIVIL CASE COVER SHEET** <br> ☑ Unlimited   ☐ Limited <br> (Amount   (Amount <br> demanded   demanded is <br> exceeds $25,000)   $25,000 or less) | **Complex Case Designation** <br> ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: **21STCV19811** <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41).
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 25, 2021
Danielle E. Montero, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007]      **CIVIL CASE COVER SHEET**      Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
 *case involves an uninsured*
 *motorist claim subject to*
 *arbitration, check this item*
 *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or*
 *toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil*
 *harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer*
  *or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally*
 *complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent*
 *domain, landlord/tenant, or*
 *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
 *drugs, check this item; otherwise,*
 *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex*
 *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-*
  *domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
 *above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-*
  *harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified*
 *above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

### ◆Los Angeles County Bar Association Litigation Section◆

### ◆ Los Angeles County Bar Association Labor and Employment Law Section◆

### ◆Consumer Attorneys Association of Los Angeles◆

### ◆Southern California Defense Counsel◆

### ◆Association of Business Trial Lawyers◆

### ◆California Employment Lawyers Association◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____    ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____    ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____    ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____    ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____    ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____    ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

**The following parties stipulate:**

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____            _____
                                                          JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

NOTE: The Civil Mediation Vendor Resource List program does not accept **family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# EXHIBIT B

Joseph Lavi, Esq. (SBN 209776)
E-Mail: jlavi@lelawfirm.com
Vincent C. Granberry, Esq. (SBN 276483)
E-Mail: vgranberry@lelawfirm.com
Danielle E. Montero, Esq. (SBN 333945)
E-Mail: dmontero@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for Plaintiff BRIANA BELNAVIS,
on behalf of herself and others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

| | |
|---|---|
| BRIANA BELNAVIS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CURATIVE INC.; YOH SERVICES LLC; DAY & ZIMMERMANN INTERNATIONAL, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 21STCV19811<br><br>**CLASS ACTION**<br><br>*[Assigned for all purposes to the Hon. Yvette M. Palazuelos, Dept. 9]*<br><br>**PLAINTIFF BRIANA BELNAVIS'S NOTICE OF COURT ORDER RE COMPLEX DESIGNATION AND NOTICE OF INITIAL STATUS CONFERENCE ORDER**<br><br>Initial Status Conference:<br>Date:  July 16, 2021<br>Time:  10:00 AM<br>Dept.:  9 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT the Court has issued a Court Order regarding Complex Designation. A true and correct copy of the Court Order is attached hereto as **Exhibit 1**.

PLEASE TAKE FURTHER NOTICE that the Court has issued an Initial Status Conference Order. A true and correct copy of the Initial Status Conference Order is attached hereto as **Exhibit 2**.

Dated: July 2, 2021

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: *Danielle Montero*

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Danielle E. Montero, Esq.

Attorneys for Plaintiff BRIANA BELNAVIS, on behalf of herself and others similarly situated

# "EXHIBIT 1"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 9

**21STCV19811**                                                  June 9, 2021
**BRIANA BELNAVIS vs CURATIVE INC., et al.**                     10:17 AM

Judge: Honorable Yvette M. Palazuelos          CSR: None
Judicial Assistant: M. Mata                    ERM: None
Courtroom Assistant: None                      Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order re: Complex Designation

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has randomly assigned this case to this department
for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
07/16/2021 at 10:00 AM in this department. At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. The Initial Status Conference Order is to help the Court and
the parties manage this complex case by developing an orderly schedule for briefing, discovery,
and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex
litigation Program courtrooms: http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 9

**21STCV19811**                                                                                    June 9, 2021
**BRIANA BELNAVIS vs CURATIVE INC., et al.**                                                        10:17 AM

Judge: Honorable Yvette M. Palazuelos          CSR: None
Judicial Assistant: M. Mata                     ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of
this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference
Order on all parties forthwith and file a Proof of Service in this department within 7 days of
service.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 06/09/2021 Sherri R. Carter, Executive Officer / Clerk of Court By: _____ M. Mata _____ Deputy |
| PLAINTIFF/PETITIONER: Briana Belnavis | |
| DEFENDANT/RESPONDENT: Curative Inc. et al | |
| CERTIFICATE OF MAILING | CASE NUMBER: 21STCV19811 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order re: Complex Designation) of 06/09/2021 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Joseph Lavi
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd.
Suite 200
Beverly Hills, CA 90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>06/9/2021</u>                    By: <u>M. Mata</u>
                                                  Deputy Clerk

**CERTIFICATE OF MAILING**

# "Exhibit 2"

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
SSC-Department 9
Case Name. BRIANA BELNAVIS vs. CURATIVE INC.
Case Number. 21STCV19811
**INITIAL STATUS CONFERENCE ORDER**

The Court issues the following Initial Status Conference Order:

Due to the pandemic and the urgent need to avoid court appearances, the parties MUST sign up with an e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court, via email to sscdept9@lacourt.org which provider was selected.

This case has been assigned for all purposes to Judge Yvette M. Palazuelos in the Complex Litigation Program. An Initial Status Conference is set for 07/16/2021, at 10:00 a.m., in Department 09 located in the Spring Street Courthouse, at United States District Court, 312 N. Spring Street, Los Angeles, California 90012. Counsel for all the parties are ordered to attend.

Counsel for all parties are ordered to meet and confer regarding the following areas and be prepared to discuss them with the Court at the Initial Status Conference. Counsel for Plaintiff is to take the lead in preparing a Joint Initial Status Conference Report to be filed and served five (5) court days prior to the hearing date. The Joint Initial Status Conference Report must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

The Joint Initial Status Conference Report must address the following:

1.      Parties and Counsel:  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2.      Potential Additional Parties: Does any plaintiff presently intend to add more class representatives?  If so, and if known, by what date and by what name?  Does any plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named.

3.      Adequacy of Proposed Class Representative(s):  If any party believes one or more named plaintiffs might not be an adequate class representative, please explain.  No prejudice will attach to these responses.

4.      Estimated Class Size:  Please discuss and indicate the estimated class size.

5.      Other Actions with Overlapping Class Definitions:  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

6.      Potentially Relevant Arbitration and/or Class Action Waiver Clauses:  Please include a sample of any clause of this sort.  Opposing parties must summarize their views on this issue.

1

7.      Potential Early Crucial Motions:  Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues.  The vehicles include:

- Early motions in limine
- Early motions about particular jury instructions
- Demurrers
- Motions to strike
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

8.      Class Contact Information:  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. V. Superior Court (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

9.      Protective Orders:  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

10.     Discovery:  Please discuss discovery.  Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.  The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

11.     Insurance Coverage:  Please state if there is insurance for indemnity or reimbursement.

12.     Alternative Dispute Resolution:  Please discuss ADR and state each party's position about it.  If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

13.     Timeline for Case Management:  Please recommend dates and times for the following:

- The next status conference, if needed.  The court does not schedule status conferences for most cases.  Rather, the court gives deadlines for the filing of motions for class certification with non-appearance case management reviews set a few days after the filing deadlines
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

---

[1] California Rule of Court, Rule 3.768.

14.    Electronic Service of Papers: The Court will issue an Order requiring electronic service. The parties must select of one of the following services:

> Case Anywhere (http://www.caseanywhere.com).
> File & Serve Xpress (https://secure.fileandservexpress.com)
> CaseHomePage (http://www.casehomepage.com)

Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.


To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Status Conference Report, the positions of each party or of various parties shall be set forth separately in the Joint Statement. The parties are encouraged to propose, either jointly or separately, any approaches to case management that they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

Pending further order of this Court, and except as otherwise provided in the Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, each defendant is directed to file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearances shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this complex case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in orderly management. This stay shall not preclude the parties from continuing informally exchange documents that may assist in their initial evaluation of the issues presented in this case. However, all outstanding discovery requests are stayed.

All management stays, including stays of discovery issued by the Court, shall not be considered as a stay per Code of Civil Procedure section 583.310 unless specifically ordered by the Court.

Remember that when seeking to dismiss or to obtain settlement approval, "[a] dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail." If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Plaintiffs' counsel is to serve this Initial Status Conference Order on counsel for Defendant, or if counsel is not known, on Defendant within five (5) days of service of this Order.

If the Complaint has not been served as of the date of this Order, Counsel for Plaintiff is to serve the Complaint within five (5) days of service of this Order.

IT IS SO ORDERED.

DATED: June 9, 2021

YVETTE M. PALAZUELOS

_____

YVETTE M. PALAZUELOS
Judge of the Superior Court

4

**Belnavis v. Curative, Inc., et al.**        **Case No.: 21STCV19811**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Beverly Hills, California 90211.

On July 2, 2021, I served the foregoing document, described as:

**"PLAINTIFF BRIANA BELNAVIS'S NOTICE OF COURT ORDER RE COMPLEX DESIGNATION AND NOTICE OF INITIAL STATUS CONFERENCE ORDER"**

on all interested parties in this action as follows:

| | |
|---|---|
| **CURATIVE INC.**<br>c/o Corporation Service Company which will do business in California as CSC - Lawyers Incorporating Service, Registered Agent<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 | **YOH SERVICES LLC**<br>c/o CT Corporation System C0168406, Registered Agent<br>330 N. Brand Blvd<br>Glendale, CA 91203 |
| **DAY & ZIMMERMANN INTERNATIONAL, INC.**<br>c/o CT Corporation System, Registered Agent<br>818 West Seventh Street, Suite 930<br>Los Angeles, CA 90017 | |

☒    **(BY MAIL)** As follows: I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the aforementioned service information is true and correct.

Executed on July 2, 2021 at Beverly Hills, California.

J. César Flores

**PROOF OF SERVICE**

1

# EXHIBIT C

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 08 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By: Tanya Herrera, Deputy

COPY

BY FAX

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2 |   Including Professional Corporations
   BABAK YOUSEFZADEH, Cal. Bar No. 235974
3 | GAL GRESSEL, Cal. Bar No. 286312
   Four Embarcadero Center, 17th Floor
4 | San Francisco, California 94111-4109
   Telephone:    415.434.9100
5 | Facsimile:    415.434.3947
   E mail        byousefzadeh@sheppardmullin.com
6 |               ggressel@sheppardmullin.com

7 | Attorneys for CURATIVE INC.

8 |

   SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 |
   COUNTY OF LOS ANGELES, CENTRAL DISTRICT
10 |

11 |

12 | BRIANA BELNAVIS, on behalf of herself    Case No. 21STCV19811
   and others similarly situated,
13 |                                          **NOTICE OF APPEARANCE OF**
              Plaintiff,                      **COUNSEL ON BEHALF OF**
14 |                                          **DEFENDANT CURATIVE INC.**
       v.
15 |                                          Dept.:    9
   CURATIVE INC.; YOH SERVICES LLC;
16 | DAY & ZIMMERMAN                          The Hon. Yvette M. Palazuelos, Dept. 9
   INTERNATIONAL, INC.; and DOES 1 to
17 | 100, inclusive,                          [Complaint Filed: May 25, 2021]

18 |              Defendants.

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-1-                                    Case No. 21STCV19811

PLEASE TAKE NOTICE that, pursuant to the Initial Status Conference Order dated June 9, 2021, defendant Curative Inc., hereby appears in this matter, by and through its counsel, Babak Yousefzadeh and Gal Gressel of Sheppard, Mullin, Richter & Hampton LLP.

The filing of this Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint filed by plaintiff Briana Belnavis, all of which are expressly reserved.

Dated:  July 8, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

BABAK YOUSEFZADEH
GAL GRESSEL

Attorneys for CURATIVE INC.

-1-

Case No. 21STCV19811

NOTICE OF APPEARANCE OF COUNSEL FOR DEFENDANT CURATIVE INC.

1

## PROOF OF SERVICE

2

*Briana Belnavis v. Curative Inc.*; Case No.: 21STCV19811

3

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

4

At the time of service, I was over 18 years of age and **not a party to this action**.  I

5

am employed in the County of San Francisco, State of California.  My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

6

On July 8, 2021, I served true copies of the following document(s) described as

7

**NOTICE OF APPEARANCE OF COUNSEL ON BEHALF OF DEFENDANT CURATIVE INC.** on the interested parties in this action as follows:

8

### SERVICE LIST

9

10

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Danielle E. Montero, Esq.

11

LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200

12

Beverly Hills, California 90211
Telephone: (310) 432-0000

13

Facsimile: (310) 432-0001
jlavi@lelawfirm.com

14

vgranberry@lelawfirm.com
dmontero@lelalawfirm.com

15

16

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed

17

to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the

18

same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope

19

with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

20

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or

21

an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address jkhoury@sheppardmullin.com to the

22

persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the

23

transmission was unsuccessful.

24

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

25

Executed on July 8, 2021, at San Francisco, California.

26

27

_____

28

Judy Khoury

SMRH:4846-1188-2993.1        NOTICE OF APPEARANCE OF COUNSEL FOR DEFENDANT CURATIVE INC.

# EXHIBIT D

1   MORGAN, LEWIS & BOCKIUS LLP
    Melinda S. Riechert, Bar No. 65504
2   1400 Page Mill Road
    Palo Alto, CA 94304
3   Tel:   +1.650.843.4000
    Fax:   +1.650.843.4001
4   melinda.riechert@morganlewis.com

5   MORGAN, LEWIS & BOCKIUS LLP
    Sarah Zenewicz, Bar No. 258068
6   Jason P. Brown, Bar No. 266472
    One Market, Spear Street Tower
7   San Francisco, CA 94105
    Tel:   +1.415.442.1000
8   Fax:   +1.415.442.1001
    sarah.zenewicz@morganlewis.com
9   jason.brown@morganlewis.com

10  Attorneys for Defendants
    DAY & ZIMMERMAN, INC.; YOH SERVICES LLC
11

12                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                         COUNTY OF LOS ANGELES

14                             CENTRAL DISTRICT

15

16
    BRIANA BELNAVIS, on behalf of herself and      Case No. 21STCV19811
17  others similarly situated,
                                                    NOTICE OF APPEARANCE OF
18                  Plaintiff,                      COUNSEL FOR DEFENDANTS YOH
                                                    SERVICES LLC AND DAY &
19          vs.                                     ZIMMERMAN, INC.

20  CURATIVE, INC.; YOH SERVICES LLC;               Judge:   Hon. Yvette M. Palazuelos
    DAY & ZIMMERMANN INTERNATIONAL,
21  INC. and DOES 1 TO 100, inclusive,              Date Action Filed: May 25, 2021

22                  Defendants.

23

24          **TO ALL PARTIES, ATTORNEYS OF RECORD, AND THE COURT:**

25          PLEASE TAKE NOTICE that the following attorneys from the law firm of Morgan,

26  Lewis & Bockius LLP hereby enter an appearance as attorneys of record for Defendants DAY &

27  ZIMMERMAN, INC. and YOH SERVICES LLC and, in the above-captioned action and request

28  that all future correspondence, pleadings and notices be sent to the below:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 41197090.1                          NOTICE OF APPEARANCE OF COUNSEL

1  **Melinda S. Riechert**, Bar No. 65504
   1400 Page Mill Road
2  Twenty-Second Floor
   Palo Alto, CA 94304
3  Tel:   +1.650.843.4000
   Fax:   +1.650.843.4001
4  Email address: melinda.riechert@morganlewis.com

5  **Sarah Zenewicz**, Bar No. 258068
   One Market, Spear Street Tower
6  San Francisco, CA 94105
   Telephone: +415.442.1000
7  Facsimile: +415.442.1001
   Email address: sarah.zenewicz@morganlewis.com

8  **Jason P. Brown**, Bar No. 266472
9  One Market, Spear Street Tower
   San Francisco, CA 94105
10 Telephone: +415.442.1000
   Facsimile: +415.442.1001
11 Email address: jason.brown@morganlewis.com

12       DAY & ZIMMERMAN, INC. and YOH SERVICES LLC request that the appearance of

13 these attorneys be entered in this Court's docket for this case, No. 21STCV19811. The filing of

14 this notice constitutes the first appearance in this case for attorneys Melinda S. Riechert, Sarah

15 Zenewicz and Jason P. Brown.

16

17 Dated: July 8, 2021                          Respectfully submitted,

18                                              MORGAN, LEWIS & BOCKIUS LLP

19

20                                       By   _____
                                              Melinda S. Riechert
21                                            Sarah Zenewicz
                                              Jason P. Brown
22                                            Attorneys for Defendants
                                              DAY & ZIMMERMAN, INC.; YOH
23                                            SERVICES LLC

24

25

26

27

28

- 2 -

DB2/ 41197090.1              NOTICE OF APPEARANCE OF COUNSEL

1          **PROOF OF SERVICE**

2          I, Robin Onaka, declare:

3          I am a citizen of the United States and employed in San Francisco County, California. I
am over the age of eighteen years and not a party to the within entitled action. My business
4    address is One Market, Spear Street Tower, San Francisco, CA 94105-1596. On July 8, 2021, I
served a copy of the within document(s):

5
          **NOTICE OF APPEARANCE OF COUNSEL FOR DEFENDANTS**
6          **YOH SERVICES LLC AND DAY & ZIMMERMAN, INC.**

7
          ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set
8               forth below on this date before 5:00 p.m.

9          ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
               fully prepaid, the United States mail at San Francisco, California addressed as set
10              forth below.

11
          ☐    by placing the document(s) listed above in a sealed envelope and affixing a pre-
12              paid air bill, and causing the envelope to be delivered to an agent for delivery.

13         ☐    by personally delivering the document(s) listed above to the person(s) at the
               address(es) set forth below.
14

15         ☐    by transmitting via e-mail or electronic transmission the document(s) listed above
               to the person(s) at the e-mail address(es) set forth below.

16
     Joseph Lavi                                    Babak Yousefzadeh
17   Vincent C. Granberry                           Gal Gressel
     Danielle E. Montero                            Sheppard, Mullin, Richter & Hampton LLC
18   Lavi & Ebrahimian, LLP                         Four Embarcadero Center, 17th Floor
19   8889 W. Olympic Blvd., Suite 200               San Francisco, CA 94111-4109
     Beverly Hills, CA 90211                        Phone: (415) 434-9100
20   Phone: (310) 434-0000                          Fax:    (415) 434-3947
     Fax:    (310) 434-0001                         Email: byousefzadeh@sheppardmullin.com
21   Email: jlavi@lelawfirm.com                            ggressel@sheppardmullin.com
          vgranberry@lelawfirm.com
22        dmontero@lelawfirm.com

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROOF OF SERVICE

1    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

4    Executed on July 8, 2021, at San Francisco, California.

5    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                                                    Robin Onaka

PROOF OF SERVICE

# EXHIBIT E

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
    Including Professional Corporations
BABAK YOUSEFZADEH, Cal. Bar No. 235974
GAL GRESSEL, Cal. Bar No. 286312
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail        byousefzadeh@sheppardmullin.com
              ggressel@sheppardmullin.com

Attorneys for CURATIVE INC.

Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq.(SBN 276483)
Danielle E. Montero, Esq.  (SBN 333945)
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone:  310. 432.0000
Facsimile:  310. 432.0001
E-Mail:     jlavi@lelawfirm.com
            vgranberry@lelawfirm.com
            dmontero@lelalawfirm.com

**RECEIVED**
LOS ANGELES SUPERIOR COURT

**JUL 08 2021**

**S. DREW**

Attorneys for BRIANA BELNAVIS

*[Additional counsel on next page]*

**RECEIVED**
JUL 08 2021
Filing Window

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| BRIANA BELNAVIS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CURATIVE INC.; YOH SERVICES LLC; DAY & ZIMMERMAN INTERNATIONAL, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 21STCV19811<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO CONTINUE INITIAL STATUS CONFERENCE**<br><br>Date:    July 16, 2021<br>Time:    10:00 a.m.<br>Dept.:    9<br><br>The Hon. Yvette M. Palazuelos<br><br>[Complaint Filed: May 25, 2021] |

SMRH:4825-7397-6049.2

COPY

BY FAX

1  Melinda S. Riechert (SBN 65504)
   MORGAN, LEWIS & BROCKIUS LLP
2  1400 PAGE MILL ROAD
   PALO ALTO, CA 94304
3  Telephone:  650-843-4000
4  Fax:        650-843-4001
   E-Mail:     melinda.riechert@morganlewis.com
5
   Sarah Zenewicz (SBN 258068)
6  Jason P. Brown (SBN 266472)
7  One Market, Spear Street Tower
   San Francisco, CA 94110
8  Telephone:   415.442.1000
   Fax:         415.442.1001
9  E-Mail:      Sarah.Zenewicz@morganlewis.com
               Jason.Brown@morganlewis.com
10
11 Attorneys for YOH SERVICES LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Briana Belnavis and Defendants Curative Inc. and Yoh Services LLC

2  ("Defendants") stipulate as follows:

3    WHEREAS, the Initial Status Conference in this matter is scheduled for July 16, 2021;

4    WHEREAS, Defendants will be filing Notices of Appearance on July 8, 2021; and

5    WHEREAS, the parties seek a 30-day continuance of Initial Status Conference to allow for

6  additional time to meet and confer in advance of the conference.

7    THEREFORE, subject to the Court's approval, the parties request that the Court continue

8  the Initial Status Conference from July 16, 2021 to August 13, 2021, or a later date subject to the

9  Court's availability.

10  IT IS SO STIPULATED.

11

12  Dated: July 8, 2021

13                    LAVI & EBRAHIMIAN, LLP

14

15    By

16                        JOSEPH LAVI
                     VINCENT C. GRANBERRY
17                     DANIELLE E. MONTERO

18                    Attorneys for BRIANA BELNAVIS

19

20

21

22

23

24

25

26

27

28

-3-                                    Case No. 21STCV19811

JOINT STIPULATION AND [PROPOSED] ORDER TO CONTINUE
                                                        INITIAL STATUS CONFERENCE

1  Dated:  July 8, 2021

2                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                          By  _____

5                                   BABAK YOUSEFZADEH
                                    GAL GRESSEL
6
                             Attorneys for CURATIVE INC.
7  Dated: July 8, 2021

8                          MORGAN, LEWIS & BROCKIUS LLP

9

10                         By  _____

11                                  MELINDA S. RIECHERT
                                    SARAH ZENEWICZ
12                                  JASON P. BROWN

13                           Attorneys for YOH SERVICES LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**[PROPOSED] ORDER**

2

Having considered the stipulation and good cause appearing, the Court HEREBY

3

ORDERS that that Initial Status Conference is continued from July 16, 2021 to

4

_____, 2021 at 10:00 a.m.

5

6

**IT IS SO ORDERED.**

7

8

Dated:  _____, 2021

9

10

11

12

13

By    _____

14

HON. YVETTE M. PALAZUELOS
Judge, Los Angeles County Superior Court

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

PROOF OF SERVICE

*Briana Belnavis v. Curative Inc.*; Case No.: 21STCV19811

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On July 8, 2021, I served true copies of the following document(s) described as **JOINT STIPULATION AND [PROPOSED] ORDER TO CONTINUE INITIAL STATUS CONFERENCE** on the interested parties in this action as follows:

**SERVICE LIST**

| | |
|---|---|
| Joseph Lavi, Esq.<br>Vincent C. Granberry, Esq.<br>Danielle E. Montero, Esq.<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. Olympic Blvd., Suite 200<br>Beverly Hills, California 90211<br>Telephone: (310) 432-0000<br>Facsimile: (310) 432-0001<br>E-Mail:  jlavi@lelawfirm.com<br>      vgranberry@lelawfirm.com<br>      dmontero@lelalawfirm.com | Attorneys for BRIANA BELVIS |
| Melinda S. Riechert<br>MORGAN, LEWIS & BROCKIUS LLP<br>1400 PAGE MILL ROAD<br>PALO ALTO, CA 94304<br>Telephone: 650.843-4000<br>Fax: 650-843-4001<br>E-Mail: melinda.riechert@morganlewis.com | Attorneys for YOH SERVICES LLC |
| Sarah Zenewicz<br>Jason P. Brown<br>One Market, Spear Street Tower<br>San Francisco, CA 94110<br>Telephone: 415.442.1000<br>Fax: 415.442.1001<br>E-Mail: Sarah.Zenewicz@morganlewis.com<br>      Jason.Brown@morganlewis.com | Attorneys for YOH SERVICES LLC |

Case No. 21STCV19811
PROOF OF SERVICE

SMRH:4812-3101-4385.1

1

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address jkhoury@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 8, 2021, at San Francisco, California.


_____
Judy Khoury

# EXHIBIT F

Joseph Lavi, Esq. (SBN 209776)
E-Mail: jlavi@lelawfirm.com
Vincent C. Granberry, Esq. (SBN 276483)
E-Mail: vgranberry@lelawfirm.com
Danielle E. Montero, Esq. (SBN 333945)
E-Mail: dmontero@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for Plaintiff BRIANA BELNAVIS,
on behalf of herself and others similarly situated

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE**

| | |
|---|---|
| BRIANA BELNAVIS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CURATIVE INC.; YOH SERVICES LLC; DAY & ZIMMERMANN INTERNATIONAL, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 21STCV19811<br><br>**CLASS ACTION**<br><br>*[Assigned for all purposes to the Hon. Yvette M. Palazuelos, Dept. 9]*<br><br>**INITIAL STATUS CONFERENCE REPORT**<br><br>Initial Status Conference:<br>Date:   July 16, 2021<br>Time:  10:00 AM<br>Dept.: 9 |

Pursuant to the Court's Initial Status Conference Order (Complex Litigation Program) issued in the above-listed matter, Plaintiff BRIANA BELNAVIS ("Plaintiff"), by and through her counsel of record, submit the following Initial Status Conference Report in advance of the Initial Status Conference set for July 16, 2021, at 10:00 a.m. in Department 9 of the Spring Street Courthouse, located at 312 N. Spring Street, Los Angeles, California. Plaintiff unilaterally files this Initial Status Conference Report because counsel for Defendants CURATIVE INC. and YOH SERVICES LLC contacted counsel for Plaintiff on July 8, 2021 to notify Plaintiff that Defendants intend to file their Notice of Appearance. The Parties agreed to stipulate to continue the Initial Status Conference thirty (30) days to allow the Parties additional time to meet and confer in

1   advance of the conference.

2   **1. PARTIES AND COUNSEL:**

3       Joseph Lavi, Esq. (SBN 209776)
    Email: jlavi@lelawfirm.com
4       Vincent C. Granberry, Esq. (SBN 276483)
    Email: vgranberry@lelawfirm.com
5       Danielle E. Montero, Esq. (SBN 333945)
    E-Mail: dmontero@lelawfirm.com
6       **LAVI & EBRAHIMIAN, LLP**
    8889 W. Olympic Boulevard, Suite 200
7       Beverly Hills, California 90211
    Telephone: (310) 432-0000
8       Facsimile: (310) 432-0001

9       Attorneys for Plaintiff BRIANA BELNAVIS,
    on behalf of herself and others similarly situated

10   **2. POTENTIAL ADDITIONAL PARTIES:**

11   At present, Plaintiff does not intend to add any additional class representatives.  Plaintiff

12   does not anticipate adding any additional Defendants.  However, if, during discovery, Plaintiff

13   discovers the identity of a joint employer or other person acting on behalf of Defendant, then

14   Plaintiff reserves the right to add those parties as Defendants.

15   **3. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**

16   Plaintiff will fairly and adequately protect the interests of the members of each class.

17   Plaintiff has no interest that is adverse to the interests of the other class members. Plaintiff's counsel

18   is experienced in class litigation and is qualified to conduct the proposed class litigation.

19   **4. ESTIMATED CLASS SIZE:**

20   The estimated class size is unknown to Plaintiff without the benefit of discovery.

21   **5. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**

22   Plaintiff is not aware of any such actions.

23   **6. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER**

24   **CLAUSES:**

25   Plaintiff is not aware of any potentially relevant arbitration and/or class action waiver

26   clauses.

27   **7. POTENTIALLY EARLY CRUCIAL MOTIONS:**

28   Plaintiff is not aware of any potentially early crucial motions at this time.

## 8. CLASS CONTACT INFORMATION:

Plaintiff is agreeable to using the Belaire-West process via a third-party administrator cost of which shall be split 50/50.

## 9. PROTECTIVE ORDERS:

To the extent that any private, confidential, or proprietary information is disclosed, there should be a protective order protecting the secrecy of this information.

## 10. DISCOVERY:

Following the lift of the stay on discovery, Plaintiff intends to serve formal discovery seeking the identity of the class members; Defendant's contentions regarding Plaintiff's claims; Defendant's policies and procedures regarding Plaintiff's and those similarly situated; Plaintiff's timecards and paystubs; and Defendant's employees' timecards, paystubs, and other payment information with identifying information redacted.

Plaintiff also intends to take the deposition(s) of the person(s) most knowledgeable/qualified regarding Defendant's policies and procedures surrounding timekeeping of hours worked by employees; payment of minimum wages and overtime wages; overtime procedures regarding employees; meal and rest breaks; payment of meal and rest break premium wages; reimbursement policies; wage statements; and payment of final wages.

Plaintiff also anticipates surveys to putative class members to determine the existence and scope of Defendant's policies, practices, and/or procedures. A further determination will be made after the Parties have exchanged information informally or formally regarding the scope of the class.

## 11. INSURANCE COVERAGE:

The existence of any insurance coverage is unknown to Plaintiff.

## 12. ALTERNATIVE DISPUTE RESOLUTION:

Plaintiff is willing to consider the possibility of mediation; however, if mediation is agreed to, the Parties must discuss what type of discovery (formal or informal) must be accomplished prior to the mediation. Plaintiff anticipates that if the Parties agree to mediation, the mediation will not occur until 90 to 120 following the receipt of the required discovery. This estimated date is made in

light of the discovery which needs to be accomplished prior to mediation, and the initial stay in this matter.

**13. TIMELINE FOR CASE MANAGEMENT:**

Plaintiff proposes that a status conference is held in three to four months to verify the progress of this matter (discovery, mediation, etc.) and at that time evaluate the status of the case since the Parties would be better informed on the timeline for case management. Accordingly, Plaintiff proposes that a Motion for Class Certification date is NOT set at this time.

**14. ELECTRONIC SERVICE OF PAPERS:**

The Parties have not meet and conferred regarding a third-party electronic service provider as of yet as counsel for Defendants first contacted counsel for Plaintiff on July 8, 2021. Plaintiff proposes Case Anywhere as the third-party electronic service provider. Plaintiff will meet and confer with Defendants and inform the Court when the Parties make a decision.

Dated: July 9, 2021

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: *Danielle Montero*

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Danielle E. Montero, Esq.

Attorneys for Plaintiff BRIANA BELNAVIS,
on behalf of herself and others similarly situated

---

**BELNAVIS v. CURATIVE INC., et al.**                    **CASE NO. 21STCV19811**

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211. On July 9, 2021, I served the foregoing document, described as:

### JOINT INITIAL STATUS CONFERENCE REPORT

on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>BABAK YOUSEFZADEH, Cal. Bar No. 235974<br>GAL GRESSEL, Cal. Bar No. 286312<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Telephone:    415.434.9100<br>Facsimile:    415.434.3947<br>E mail       byousefzadeh@sheppardmullin.com<br>          ggressel@sheppardmullin.com | *Attorneys for CURATIVE INC.* |
| **MORGAN, LEWIS & BROCKIUS LLP**<br>Melinda S. Riechert (SBN 65504)<br>1400 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: 650-843-4000<br>Fax:      650-843-4001<br>E-Mail:    melinda.riechert@morganlewis.com<br>Sarah Zenewicz (SBN 258068)<br>Jason P. Brown (SBN 266472)<br>One Market, Spear Street Tower<br>San Francisco, CA 94110<br>Telephone:    415.442.1000<br>Fax:      415.442.1001<br>E-Mail:    Sarah.Zenewicz@morganlewis.com<br>         Jason.Brown@morganlewis.com | *Attorneys for YOH SERVICES LLC* |

☒    **(BY MAIL)** As follows:

    I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

    I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 9, 2021 at Beverly Hills, California.

                                       _____

                                          J. Cesar Flores

# EXHIBIT G

Joseph Lavi, Esq. (SBN 209776)
E-Mail: jlavi@lelawfirm.com
Vincent C. Granberry, Esq. (SBN 276483)
E-Mail: vgranberry@lelawfirm.com
Danielle E. Montero, Esq. (SBN 333945)
E-Mail: dmontero@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for Plaintiff BRIANA BELNAVIS,
on behalf of herself and others similarly situated

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
BABAK YOUSEFZADEH, Cal. Bar No. 235974
GAL GRESSEL, Cal. Bar No. 286312
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email         byousefzadeh@sheppardmullin.com
              ggressel@sheppardmullin.com

Attorneys for Defendant CURATIVE INC.

*[Additional counsel listed on next page]*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE**

| | |
|---|---|
| BRIANA BELNAVIS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CURATIVE INC.; YOH SERVICES LLC; DAY & ZIMMERMANN INTERNATIONAL, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 21STCV19811<br><br>**CLASS ACTION**<br><br>*[Assigned for all purposes to the Hon. Yvette M. Palazuelos, Dept. 9]*<br><br>**JOINT INITIAL STATUS CONFERENCE REPORT**<br><br>Initial Status Conference:<br>Date:   August 13, 2021<br>Time:  10:00 AM<br>Dept.:  9 |

/ / /

-1-

1   MORGAN, LEWIS & BROCKIUS LLP
2   Melinda S. Riechert (SBN 65504)
    1400 Page Mill Road
3   Palo Alto, CA 94304
    Telephone:  650.843-4000
4   Fax:         650-843-4001
    E-Mail:     melinda.riechert@morganlewis.com
5
6   Sarah Zenewicz (SBN 258068)
    Jason P. Brown (SBN 266472)
7   One Market, Spear Street Tower
    San Francisco, CA 94110
8   Telephone:   415.442.1000
    Fax:         415.442.1001
9   E-Mail:      Sarah.Zenewicz@morganlewis.com
                 Jason.Brown@morganlewis.com
10
11  Attorneys for Defendants YOH SERVICES LLC and
    DAY & ZIMMERMANN INTERNATIONAL, INC.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to the Court's Initial Status Conference Order (Complex Litigation Program) issued in the above-listed matter, Plaintiff BRIANA BELNAVIS ("Plaintiff") and Defendants CURATIVE INC.; YOH SERVICES LLC; DAY & ZIMMERMANN INTERNATIONAL, INC. ("Defendants") (collectively "the Parties"), by and through their counsel of record, hereby submit the following Initial Status Conference Report in advance of the Initial Status Conference set for August 13, 2021, at 10:00 a.m. in Department 9 of the Spring Street Courthouse, located at 312 N. Spring Street, Los Angeles, California.

1. **PARTIES AND COUNSEL:**

Joseph Lavi, Esq. (SBN 209776)
Email: jlavi@lelawfirm.com
Vincent C. Granberry, Esq. (SBN 276483)
Email: vgranberry@lelawfirm.com
Danielle E. Montero, Esq. (SBN 333945)
E-Mail: dmontero@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for Plaintiff BRIANA BELNAVIS,
on behalf of herself and others similarly situated

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
BABAK YOUSEFZADEH, Cal. Bar No. 235974
GAL GRESSEL, Cal. Bar. No. 286312
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email: byousefzadeh@sheppardmullin.com
          ggressel@sheppardmullin.com

Attorneys for Defendant CURATIVE INC.

MORGAN, LEWIS & BROCKIUS LLP
Melinda S. Riechert (SBN 65504)
1400 Page Mill Road
Palo Alto, CA 94304
Telephone:  650-843-4000
Fax:          650-843-4001
E-Mail: melinda.riechert@morganlewis.com
Sarah Zenewicz (SBN 258068)
Jason P. Brown (SBN 266472)
One Market, Spear Street Tower
San Francisco, CA 94110
Telephone:  415.442.1000
Fax:          415.442.1001
E-Mail: Sarah.Zenewicz@morganlewis.com

Jason.Brown@morganlewis.com

Attorneys for Defendants YOH SERVICES LLC and
DAY & ZIMMERMANN INTERNATIONAL, INC.

**2. POTENTIAL ADDITIONAL PARTIES:**

Plaintiff's Position:

At present, Plaintiff does not intend to add any additional class representatives. Plaintiff does not anticipate adding any additional Defendants. However, if, during discovery, Plaintiff discovers the identity of a joint employer or other person acting on behalf of Defendant, then Plaintiff reserves the right to add those parties as Defendants.

Defendant Curative's Position:

Defendant does not anticipate seeking to add any parties.

Defendants Yoh Services and Day & Zimmerman's Position:

Defendants do not presently anticipate seeking to add any parties.

**3. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**

Plaintiff's Position:

Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members. Plaintiff's counsel is experienced in class litigation and is qualified to conduct the proposed class litigation.

Defendant Curative's Position:

Plaintiff was employed by Defendant Yoh, and Plaintiff's claims against Defendant Curative are based on a joint employer theory. However, Plaintiff also seeks to represent Curative employees who had no involvement with Yoh, and whose arbitration agreements with Curative preclude their participation as class members. Plaintiff could not adequately represent these Curative employees. Defendant does not have sufficient information at this time to determine whether Plaintiff is an adequate proposed class representative for any other employees, and reserves the right to challenge Plaintiff's adequacy following discovery on this issue.

Defendants Yoh Services and Day & Zimmerman's Position:

Plaintiff has not produced any evidence to Defendants to support her burden to demonstrate that she could be an adequate class action Plaintiff. Defendants reserve the right to challenge

Plaintiff's adequacy following discovery, but preliminarily believe that Plaintiff will be unable to meet this burden because, among other things, Plaintiff's putative class purports to include hundreds of Curative sites with different managers and supervisors and putative class members in positions in which Plaintiff did not work.

**4. ESTIMATED CLASS SIZE:**

Plaintiff's Position:

The estimated class size is unknown to Plaintiff without the benefit of discovery.

Defendant Curative's Position:

If the class is defined by Curative's non-exempt employees, there would be fewer than 1,000 employees in the class. However, Curative contends that a significant portion, if not all, of these employees are bound by arbitration agreements that will preclude the employees' participation in this action as class members.

Defendants Yoh Services and Day & Zimmerman's Position:

Defendants estimate that there are over 2,000 putative class members who were Yoh Services employees staffed at Curative locations in California.

**5. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**

After the case was filed, Plaintiff was informed there are two recently filed pending wage and hour class actions with overlapping wage and hour claims and class definitions. On April 16, 2021, *Stewart v. Yoh Services, LLC, et al.* was filed in U.S. District Court, Northern District of California, Case No. 21-cv-03767-VC. On June 2, 2021, *Martinez v. Curative LLC, et al.* was filed in Los Angeles Superior Court, Case No. 21STCV20778.

On June 24, 2021, the plaintiff in *Stewart* filed a separate PAGA-only action alleging a claim for civil penalties based on the same alleged wage and hour violations.

On August 3, 2021, Plaintiff filed a separate action in Los Angeles Superior Court, asserting a claim under the California Private Attorneys General Act ("PAGA"), Labor Code section 2698 *et seq*. The parties will meet and confer with one another to discuss an appropriate approach to managing Plaintiff's class and PAGA cases.

The parties in all cases are coordinating with one another to attend a mediation scheduled

for November 3, 2021 with mediator Tripper Ortman. In light of this information, the Parties will be submitting a joint stipulation to continue the initial status conference to a date after the mediation scheduled for November 3, 2021.

**6.    POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**

Plaintiff's Position:

Plaintiff is not aware of any potentially relevant arbitration and/or class action waiver clauses.

Defendant Curative's Position:

Curative has arbitration agreements that apply to the employees Plaintiff seeks to represent. Curative intends to enforce these arbitration agreements, which include a class action waiver.

Defendants Yoh Services and Day & Zimmerman's Position:

Defendants are presently aware of the arbitration agreements identified by Curative.

**7.    POTENTIALLY EARLY CRUCIAL MOTIONS:**

Plaintiff's Position:

Plaintiff is not aware of any potentially early crucial motions at this time.

Defendant Curative's Position:

If necessary, Defendant may file a motion to deny certification on behalf of Curative employees, based on their arbitration agreements containing class action waivers.

Defendants Yoh Services and Day & Zimmerman's Position:

Defendants Yoh Services and Day & Zimmerman intend to file an early motion to stay this class action pending the first-filed *Stewart* case pending in the Northern District of California.

**8.    CLASS CONTACT INFORMATION:**

Plaintiff's Position:

Plaintiff is agreeable to using the Belaire-West process via a third-party administrator cost of which shall be split 50/50.

Defendant Curative's Position:

Because Defendant's employees signed an enforceable arbitration agreement with a class

action waiver, they cannot participate in this action and no *Belaire-West* process is necessary.

Defendants Yoh and Day's Position:

Defendants Yoh Services and Day & Zimmerman believe that a Belaire-West is premature at this time in light of the parties' mediation and because his case should be stayed pending the resolution of the first-filed *Stewart* case.

**9. PROTECTIVE ORDERS:**

The parties agree that to the extent that any private, confidential, or proprietary information is disclosed, there should be a protective order protecting the secrecy of this information.

**10. DISCOVERY:**

As noted above, the parties intend to mediate this case and the other related cases with mediator Tripper Ortman scheduled for November 3, 2021. The Parties will be submitting a joint stipulation to continue the Initial Status Conference to a date after the mediation scheduled for November 3, 2021. Accordingly, the parties request that all formal discovery remain stayed until the continued Initial Status Conference.

**11. INSURANCE COVERAGE:**

Plaintiff's Position:

The existence of any insurance coverage is unknown to Plaintiff.

Defendant Curative's Position:

Defendant is unaware of any insurance coverage for the asserted claims.

Defendants Yoh Services and Day & Zimmerman's Position:

Defendants are not presently aware of any insurance coverage for the asserted claims.

**12. ALTERNATIVE DISPUTE RESOLUTION:**

As noted above, the parties intend to mediate this case and the other related cases with mediator Tripper Ortman on November 3, 2021.   The Parties will be submitting a joint stipulation to continue the Initial Status Conference to a date after the mediation scheduled for November 3, 2021.

**13. TIMELINE FOR CASE MANAGEMENT:**

As noted above, the Parties will be submitting a joint stipulation to continue the Initial

Status Conference to a date after the mediation scheduled for November 3, 2021. Accordingly, the parties propose that any schedule for discovery and class certification be set following a post-mediation status conference, to the extent necessary.

**14. ELECTRONIC SERVICE OF PAPERS:**

On August 2, 2021, Plaintiff informed the Court the Parties selected Case Anywhere as the third-party electronic service provider.

Dated: August 6, 2021

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By:      */s/ Danielle Montero*
         Joseph Lavi, Esq.
         Vincent C. Granberry, Esq.
         Danielle E. Montero, Esq.

         Attorneys for Plaintiff
         BRIANA BELNAVIS, on behalf of herself
         and others similarly situated

Dated: August 6, 2021

Respectfully submitted,
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By:      */s/ Gal Gressel*
         Babak Yousefzadeh, Esq.
         Gal Gressel, Esq.

         Attorneys for Defendant CURATIVE INC.

Dated: August 6, 2021

Respectfully submitted,
**MORGAN, LEWIS & BROCKIUS LLP**

By:      */s/ Sarah Zenewicz*
         Melinda S. Riechert, Esq.
         Sarah Zenewicz, Esq.
         Jason P. Brown, Esq.

         Attorneys for Defendants YOH SERVICES
         LLC and DAY & ZIMMERMANN
         INTERNATIONAL, INC.

**BELNAVIS v. CURATIVE INC., et al.**                    **CASE NO. 21STCV19811**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211. On August 6, 2021, I served the foregoing document, described as:

### JOINT INITIAL STATUS CONFERENCE REPORT

on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| **SHEPPARD, MULLIN, RICHTER & HAMPTON** LLP<br>BABAK YOUSEFZADEH, Cal. Bar No. 235974<br>GAL GRESSEL, Cal. Bar No. 286312<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Telephone:    415.434.9100<br>Facsimile:    415.434.3947<br>E mail        byousefzadeh@sheppardmullin.com<br>               ggressel@sheppardmullin.com | *Attorneys for Defendant CURATIVE INC.* |
| **MORGAN, LEWIS & BROCKIUS LLP**<br>Melinda S. Riechert (SBN 65504)<br>1400 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone:  650-843-4000<br>Fax:        650-843-4001<br>E-Mail:     melinda.riechert@morganlewis.com<br>Sarah Zenewicz (SBN 258068)<br>Jason P. Brown (SBN 266472)<br>One Market, Spear Street Tower<br>San Francisco, CA 94110<br>Telephone:    415.442.1000<br>Fax:        415.442.1001<br>E-Mail:      Sarah.Zenewicz@morganlewis.com<br>             Jason.Brown@morganlewis.com | *Attorneys for Defendant YOH SERVICES LLC and DAY & ZIMMERMANN INTERNATIONAL, INC.* |

☒    **(BY ELECTRONIC SERVICE)** Pursuant to California Rules of Court Rule 2.251, Code of Civil Procedure section 1010.6, and the Court Order Authorizing Electronic Service, I sent such document via use of CASEANYWHERE**.**

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on August 6, 2021 at Beverly Hills, California.


                                          */s/ Danielle Montero*
                                         Danielle Montero

# EXHIBIT H

Joseph Lavi, Esq. (SBN 209776)
E-Mail: jlavi@lelawfirm.com
Vincent C. Granberry, Esq. (SBN 276483)
E-Mail: vgranberry@lelawfirm.com
Danielle E. Montero, Esq. (SBN 333945)
E-Mail: dmontero@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for Plaintiff BRIANA BELNAVIS,
on behalf of herself and others similarly situated


SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
BABAK YOUSEFZADEH, Cal. Bar No. 235974
GAL GRESSEL, Cal. Bar. No. 286312
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email          byousefzadeh@sheppardmullin.com
                ggressel@sheppardmullin.com

Attorneys for Defendant CURATIVE INC.

*[Additional counsel listed on next page]*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

| | |
|---|---|
| BRIANA BELNAVIS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CURATIVE INC.; YOH SERVICES LLC; DAY & ZIMMERMANN INTERNATIONAL, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 21STCV19811<br><br>**CLASS ACTION**<br><br>*[Assigned for all purposes to the Hon. Yvette M. Palazuelos, Dept. 9]*<br><br>**JOINT STIPULATION TO CONTINUE INITIAL STATUS CONFERENCE AND [PROPOSED] ORDER**<br><br><u>Initial Status Conference</u>:<br>Date:   August 13, 2021<br>Time:  10:00 AM<br>Dept.:  9 |

1

MORGAN, LEWIS & BOCKIUS LLP
Melinda S. Riechert (SBN 65504)
1400 Page Mill Road
Palo Alto, CA 94304
Telephone:  650.843.4000
Fax:        650-843-4001
E-Mail:     melinda.riechert@morganlewis.com

Sarah Zenewicz (SBN 258068)
Jason P. Brown (SBN 266472)
One Market, Spear Street Tower
San Francisco, CA 94110
Telephone:   415.442.1000
Fax:         415.442.1001
E-Mail:      Sarah.Zenewicz@morganlewis.com
             Jason.Brown@morganlewis.com

Attorneys for Defendants YOH SERVICES LLC and
DAY & ZIMMERMANN INTERNATIONAL, INC.

JOINT STIPULATION TO CONTINUE INITIAL STATUS CONFERENCE AND [PROPOSED] ORDER

DB2/ 41350962.3

**JOINT STIPULATION TO CONTINUE INITIAL STATUS CONFERENCE**

WHEREAS, Plaintiff Briana Belnavis ("Plaintiff") and Defendants Curative Inc.; Yoh Services LLC; Day & Zimmermann International, Inc. ("Defendants") (collectively, the "Parties") enter into this Joint Stipulation to Continue the Initial Status Conference scheduled for August 13, 2021.

WHEREAS, on June 9, 2021 this Court entered an Order scheduling an Initial Status Conference for July 16, 2021 at 10:00 a.m. in Department 9 at Spring Street Courthouse.

WHEREAS, on July 13, 2021 this Court entered an Order continuing the Initial Status Conference to August 13, 2021 at 10:00 a.m. in Department 9 at Spring Street Courthouse.

WHEREAS, the Parties have agreed to attend private mediation with professional neutral Tripper Ortman on November 3, 2021 to attempt to resolve this matter.

WHEREAS, the Parties have met and conferred and agree that in the interest of judicial economy and so that the Parties may devote their efforts to a meaningful mediation to request a continuance of the Initial Status Conference currently scheduled for August 13, 2021 until at least 30 days after the mediation scheduled for November 3, 2021.

THEREFORE, IT IS HEREBY STIPULATED and agreed, by and between the Parties hereto, through their counsel of record that the Initial Status Conference currently scheduled for August 13, 2021 be continued to December 3, 2021, or as soon as thereafter as the Court's schedule allows, subject to Court approval.


DATED:  August 9, 2021                    Respectfully submitted,
                                          **LAVI & EBRAHIMIAN, LLP**

                                   By:    *Danielle Montero*
                                          _____
                                          Joseph Lavi, Esq.
                                          Vincent C. Granberry, Esq.
                                          Danielle E. Montero, Esq.
                                          Attorneys for Plaintiff
                                          BRIANA BELNAVIS, on behalf of herself
                                          and others similarly situated

3

DATED:  August 9, 2021

Respectfully submitted,
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: _____

Babak Yousefzadeh, Esq.
Gal Gressel, Esq.
Attorneys for Defendant CURATIVE INC.

DATED:  August 9, 2021

Respectfully submitted,
**MORGAN, LEWIS & BOCKIUS LLP**

By: _____

Melinda S. Riechert, Esq.
Sarah Zenewicz, Esq.
Jason P. Brown, Esq.
Attorneys for Defendants YOH SERVICES LLC and
DAY & ZIMMERMANN INTERNATIONAL, INC.

**[PROPOSED] ORDER**

Having reviewed the Parties' Stipulation to Continue the Initial Status conference, and for GOOD CAUSE appearing, the Court hereby continues the Initial Status Conference from August 13, 2021, to _____.

DATE: _____          _____
                                   HONORABLE YVETTE M. PALAZUELOS

DB2/ 41350962.3

**BELNAVIS v. CURATIVE INC., et al.**                    **CASE NO. 21STCV19811**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211. On  August 9, 2021, I served the foregoing document, described as:

**"JOINT STIPULATION TO CONTINUE INITIAL STATUS CONFERENCE AND [PROPOSED] ORDER"**

on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| **SHEPPARD, MULLIN, RICHTER & HAMPTON** LLP<br>BABAK YOUSEFZADEH, Cal. Bar No. 235974<br>GAL GRESSEL, Cal. Bar No. 286312<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Telephone:      415.434.9100<br>Facsimile:      415.434.3947<br>E mail        byousefzadeh@sheppardmullin.com<br>                ggressel@sheppardmullin.com | *Attorneys for Defendant*<br>*CURATIVE INC.* |
| **MORGAN, LEWIS & BOCKIUS LLP**<br>Melinda S. Riechert (SBN 65504)<br>1400 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: 650.843-4000<br>Fax:        650-843-4001<br>E-Mail:        melinda.riechert@morganlewis.com<br>Sarah Zenewicz (SBN 258068)<br>Jason P. Brown (SBN 266472)<br>One Market, Spear Street Tower<br>San Francisco, CA 94110<br>Telephone:    415.442.1000<br>Fax:            415.442.1001<br>E-Mail:        Sarah.Zenewicz@morganlewis.com<br>                Jason.Brown@morganlewis.com | *Attorneys for Defendant YOH*<br>*SERVICES LLC and DAY &*<br>*ZIMMERMANN*<br>*INTERNATIONAL, INC.* |

☒    **(BY ELECTRONIC SERVICE)** Pursuant to California Rules of Court Rule 2.251, Code of Civil Procedure section 1010.6, and the Court Order Authorizing Electronic Service, I sent such document via use of CASEANYWHERE**.**

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on  August 9, 2021 at Beverly Hills, California.

*/s/ Danielle Montero*

Danielle Montero

-1-

DB2/ 41350962.3

# EXHIBIT I

Joseph Lavi, Esq. (SBN 209776)
E-Mail: jlavi@lelawfirm.com
Vincent C. Granberry, Esq. (SBN 276483)
E-Mail: vgranberry@lelawfirm.com
Danielle E. Montero, Esq. (SBN 333945)
E-Mail: dmontero@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for Plaintiff BRIANA BELNAVIS,
on behalf of herself and others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

| | |
|---|---|
| BRIANA BELNAVIS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CURATIVE INC.; YOH SERVICES LLC; DAY & ZIMMERMANN INTERNATIONAL, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 21STCV19811<br><br>**CLASS ACTION**<br><br>*[Assigned for all purposes to the Hon. Yvette M. Palazuelos, Dept. 9]*<br><br>**PLAINTIFF BRIANA BELNAVIS'S NOTICE OF CONTINUED INITIAL STATUS CONFERENCE**<br><br>Initial Status Conference:<br>Date:   December 3, 2021<br>Time:  10:00 AM<br>Dept.:  9 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT the Court has continued the Initial Status Conference scheduled for August 13, 2021 to December 3, 2021 at 10 a.m. in Department 9 at Spring Street Courthouse.

Dated: August 12, 2021

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: _Danielle Montero_

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Danielle E. Montero, Esq.

Attorneys for Plaintiff BRIANA BELNAVIS, on behalf of herself and others similarly situated

| | |
|---|---|
| **Belnavis v. Curative, Inc., et al.** | **Case No.: 21STCV19811** |

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Beverly Hills, California 90211.

On August 12, 2021, I served the foregoing document, described as:

**"PLAINTIFF BRIANA BELNAVIS'S NOTICE OF CONTINUED INITIAL STATUS CONFERENCE"**

on all interested parties in this action as follows:

| | |
|---|---|
| **SHEPPARD, MULLIN, RICHTER & HAMPTON** LLP<br>BABAK YOUSEFZADEH, Cal. Bar No. 235974<br>GAL GRESSEL, Cal. Bar No. 286312<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Telephone: 415.434.9100<br>Facsimile: 415.434.3947<br>E-Mail: byousefzadeh@sheppardmullin.com<br>ggressel@sheppardmullin.com | *Attorneys for Defendant*<br>*CURATIVE INC.* |
| **MORGAN, LEWIS & BOCKIUS LLP**<br>Melinda S. Riechert (SBN 65504)<br>1400 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone:  650.843-4000<br>Fax:        650-843-4001<br>E-Mail:     melinda.riechert@morganlewis.com<br>Sarah Zenewicz (SBN 258068)<br>Jason P. Brown (SBN 266472)<br>One Market, Spear Street Tower<br>San Francisco, CA 94110<br>Telephone:   415.442.1000<br>Fax:          415.442.1001<br>E-Mail: Sarah.Zenewicz@morganlewis.com<br>Jason.Brown@morganlewis.com | *Attorneys for Defendant YOH*<br>*SERVICES LLC and DAY &*<br>*ZIMMERMANN*<br>*INTERNATIONAL, INC.* |

☒  **(BY ELECTRONIC SERVICE)** Pursuant to California Rules of Court Rule 2.251, Code of Civil Procedure section 1010.6, and the Court Order Authorizing Electronic Service, I sent such document via use of CASEANYWHERE**.**

☒  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on August 12, 2021 at Beverly Hills, California.

*/s/ Danielle Montero*
Danielle Montero