Joseph Lavi, Esq. (SBN 209776)
jlavi@lelawfirm.com
Vincent C. Granberry, Esq. (SBN 276483)
vgranberry@lelawfirm.com
Pooja V. Patel, Esq. (SBN 317891)
ppatel@lelawfirm.com
Danielle E Montero, Esq. (SBN 333945)
dmontero@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for Plaintiff BRIANA BELNAVIS
on behalf of herself and others similarly situated

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANA BELNAVIS on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CURATIVE INC.; YOH SERVICES LLC; DAY & ZIMMERMANN INTERNATIONAL, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants | Case No.: 2:21-cv-07198-RGK-MAA<br><br>Honorable R. Gary Klausner<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT PLAINTIFF'S MOTION TO REMAND THE ACTION TO STATE COURT AND REQUEST FOR ATTORNEYS' FEES IN THE AMOUNT OF $6,825.00**<br><br>[*Filed concurrently with Notice of Motion to Remand; Request for Judicial Notice; Declaration of Pooja V Patel; and [Proposed] Order*]<br><br>Hearing Information:<br>Date: November 8, 2021<br>Time: 9:00 a.m.<br>Courtroom: 850<br><br>Action Removed: September 8, 2021 |

MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

By this Motion, Plaintiff BRIANA BELNAVIS ("Plaintiff") seeks an order remanding this action to the Los Angeles Superior Court on the grounds that Defendants CURATIVE INC.; YOH SERVICES LLC; DAY & ZIMMERMANN INTERNATIONAL, INC. (collectively, "Defendants") untimely removed this matter pursuant to 21 U.S.C. §1446(b).

## II.   FACTUAL BACKGROUND

In the Complaint, Plaintiff alleges that Defendants employed her as an hourly non-exempt employee from in or around January 2021, through the present, as a field specialist. *See* Dkt. No. 1, Notice of Removal, Exhibit A, "Complaint" at p. 33:1-2.

On May 25, 2021, Plaintiff filed this putative wage and hour class action Complaint on behalf of herself and other similarly situated hourly non-exempt employees of Defendants who worked in California in the Los Angeles Superior Court – Central District as Case Number 21STCV19811.  The Complaint alleges the following causes of action against Defendants: (1) failure to pay wages for all hours worked at minimum wage in violation of Labor Code Sections 1194 and 1197; (2) failure to pay overtime wages for daily overtime worked in violation of Labor Code sections 510 and 1194; (3) failure to authorize or permit meal periods in violation of Labor Code sections 512 and 226.7; (4) failure to authorize or permit rest periods in violation of Labor Code section 226.7; (5) failure to indemnify employees for

employment-related losses/expenditures in violation of Labor Code section 2802; (6) failure to timely pay earned wages during employment in violation of Labor Code section 204; (7) failure to provide complete and accurate wage statements in violation of Labor Code section 226; (8) failure to timely pay all earned wages and final paychecks due at time of separation of employment in violation of Labor Code sections 201, 202, and 203 (9) unfair business practices, in violation of Business and Professions Code sections 17200, *et seq. See* Dkt. No. 1, Exhibit A, "Complaint," *generally.*

On September 8, 2021, Defendants removed this action from the Los Angeles Superior Court to the United States District Court for the Central District of California pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§1332(d)(2), 1441, 1453, and 1446. *See* Dkt. No. 1, Notice of Removal at p. 2:1-11.

Defendants' removal is improper because it is untimely pursuant to 21 U.S.C. §1446(b), and therefore this matter must be remanded to state court.

## III. THIS MOTION IS TIMELY

This motion is timely. A motion to remand on the basis of any defect other than lack of subject matter jurisdiction, must be made within 30 days after the filing of the notice of removal under section 1446(a). 28 U.S.C. §1447(c). Here, Defendants removed this action on September 8, 2021. This Motion is made within 30 days, on October 8, 2021.

/ / /

## IV. LEGAL STANDARD

**A. Notice of Removal Must be Timely.**

Generally, defendants must file a notice of removal of a civil action within 30 days after the receipt "of the initial pleading setting forth the claim upon which such action of proceeding is based." 28 U.S.C. §1446(b)(1). However, if the initial pleading is not removable, defendants may file a notice of removal within 30 days after receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

**B. The Ninth Circuit Has A Strong Presumption Against Removal**

Removal statutes are strictly construed against removal jurisdiction in the Ninth Circuit. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). "Federal jurisdiction must be rejected if there is <u>*any doubt*</u> as to the right of the removal in the first instance," because lack of federal jurisdiction would make litigating the disputed matter in federal court a futile effort. *Gaus*, 980 F.2d at 566 (emphasis added) (citing *Libbhart v. Santa Monica Diary Co.*, 592 F.2d 1062, 1067 (9th Cir. 1979).

///

///

///

///

## V. LEGAL ARGUMENT

### A. Defendant Untimely Filed Their Motion to Remand

On May 25, 2021, Plaintiff filed this putative wage and hour class action Complaint on behalf of herself and other similarly situated hourly non-exempt employees of Defendants who worked in California in the Los Angeles Superior Court – Central District as Case Number 21STCV19811. *See* Dkt. No. 1, Exhibit A, "Complaint," *generally*. All Defendants were served with the Summons, Complaint, Alternative Dispute Resolution Package, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment – Unlimited Civil Case, and Voluntary Efficient Litigation Stipulations Packet via personal service on May 28, 2021. Declaration of Pooja V. Patel ("Decl. Patel"), ¶2, Exhibit A. Pursuant to 28 U.S.C. §1446(b)(1), Defendants should have filed their Notice of Removal no later than, June 28, 2021. Instead, Defendants waited until September 8, 2021, to do so.

Defendants allege that this motion is timely pursuant to 28 U.S.C. §1446(b)(3), because their time to remove did not begin to run until their independent investigation and internal records determined that the amount in controversy well exceeds the five-million-dollar threshold. *See* Dkt. No. 1, Notice of Removal at p. 23:23-27. However, Defendants fail to identify when that independent investigation occurred. Likely because Defendants cannot, in good faith, claim that this independent investigation occurred between August 8, 2021, and September 8, 2021.

Approximately one month before Plaintiff Belnavis filed her complaint, on

April 16, 2021, another Plaintiff, Precious Stewart, filed a putative class action complaint alleging similar claims in the Superior Court of the State of California, County of San Francisco, Case No. CGC-21-590857 ("Stewart Action"). *See* Plaintiff's Request for Judicial Notice ("RJN"), Exhibit B, Stewart Class Action Complaint[1]. Subsequently, on May 19, 2021, Defendant Yoh Services, LLC, filed a Notice of Removal pursuant to 28 U.S.C. §§1332, 1441, 1446, and 1453, alleging that the amount in controversy exceeds five million dollars. *See* RJN, Exhibit D, Stewart Notice of Removal. As the Stewart Action was filed on April 16, 2021, and this matter was filed on May 25, 2021, the class period in this action is only one month shorter than that in the Stewart Action. *See* Dkt. No. 1, Exhibit A, "Complaint," *generally*; RJN, Exhibit C, Stewart First Amended Class Action and Representative Action Complaint, *generally*.

On May 19, 2021, Defendants represented to the Northern District of California that a class action lawsuit with a class period from April 16, 2017, to the present alleging failure to pay minimum wage and regular rate wages, to pay overtime compensation, to provide meal periods, authorize and permit rest breaks, timely pay final wages, provide accurate itemized wage statements, and unfair business practices, had an amount in controversy exceeding five million dollars, and specifically that the amount in controversy was $9,728,420.13. *See* RJN, Exhibit D,

---

[1] On July 16, 2021, Plaintiff amended her complaint to add Defendant Curative, Inc., *See* RJN, Exhibit C, Stewart First Amended Class Action and Representative Action Complaint.

Stewart Notice of Removal, p. 16:1-9. Plaintiff Belnavis' class action lawsuit includes a class period from May 25, 2021, to the present and alleges all of the same causes of action above, plus failure to indemnify employees for employment related losses/expenditures. *See* Dkt. No. 1, Exhibit A, "Complaint," *generally*. Therefore, it is clear that Defendants were aware that the amount in controversy in Plaintiff Belnavis' lawsuit far exceeded five million dollars well before August 8, 2021, and likely even before Plaintiff Belnavis filed her complaint on May 25, 2021. It is disingenuous for Defendants to now assert that they only learned that the amount in controversy exceeds five million after an independent investigation that occurred between August 8, 2021, and September 8, 2021. *See* Dkt. No. 1, Notice of Removal at p. 23:23-27.

## VI. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS INCURRED IN LITIGATING THIS MOTION

When a district court grants a motion for remand, it "may order the defendant to pay plaintiff the "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.'" *Padilla v. AT&T Corp*., 697 F. Supp. 2d 1156, 1160 (C.D. Cal. 2009) (quoting 28 U.S.C. § 1447(c)). The award of such attorney fees "does not require a showing that removal was in bad faith." *Id*.; *Balcorta v. Twentieth Century-Fox Film Corp*., 208 F.3d 1102, 1106, n.6 (9th Cir. 2000). District courts award attorney's fees and costs under section 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Otay Land Co. v.*

*United Enters.*, 672 F.3d 1152, 1157 (9th Cir. 2012) (*citing Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

In determining whether to award legal fees, no finding of bad faith is necessary. *Gotro v. R&B Realty Group*, 69 F.3d 1485, 1487 (1995); *Moore v. Permanent Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992); *Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, 2005 WL1513130 (N.D. Cal. 2005). As a matter of public policy, the party forced to bring a motion to remand an improperly removed case generally should be fully reimbursed for its costs in remanding the case whether the removal was in bad faith or otherwise. The court's award of fees is not a punitive award against the defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendants inflicted. *Dead Kennedys v. Biafra*, 46 F. Supp. 1028, 1030 (1999).

Here, Plaintiff's counsel respectfully requests that the Court reimburse Plaintiff her attorneys' fees incurred in the research, drafting, and filing of this Motion; the anticipated review of Defendants' Opposition thereto; researching, drafting, and filing the Reply; and the anticipated attendance at the hearing on this Motion in the amount of $6,825.00. Patel Decl., ¶3.

/ / /

/ / /

/ / /

/ / /

## VII. CONCLUSION

For the reasons set forth above, Plaintiff urges this Court to grant this motion, remand the action to state court, and award attorney's fees/costs in the sum of $6,825.00.

Dated: October 8, 2021

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: */s/ Pooja V. Patel*
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Pooja V. Patel, Esq.
Danielle E. Montero, Esq.
Attorneys for Plaintiff
BRIANA BELNAVIS, on behalf of herself and others similarly situated