UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07198-RGK-MAA | Date | November 3, 2021 |
|---|---|---|---|
| Title | *Briana Belnavis v. Curative Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**  (IN CHAMBERS) Order to Show Cause

  The Notice of Removal in this action asserts that this Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). "CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.'" *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)(5)). If the party asserting federal jurisdiction satisfies these prerequisites, CAFA vests district courts with original jurisdiction over putative class actions where: (1) the amount in controversy exceeds $5 million; and (2) at least one plaintiff is diverse from any one defendant. 28 U.S.C. § 1332(d)(2).

  CAFA, however, "contains several exceptions to its grant of . . . jurisdiction." *Bridewell-Sledge v. Blue Cross of Cal.*, 793 F.3d 923, 928 (9th Cir. 2015). Section 1332(d)(3) describes situations where "[a] district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction . . . over a class action." 28 U.S.C. § 1332(d)(3). Section 1332(d)(4) describes situations where "[a] district court shall decline to exercise jurisdiction." 28 U.S.C. § 1332(d)(4).

  The Court believes that one of the exceptions under §§ 1332 (d)(3)–(4) applies to this case and questions whether CAFA grants it subject-matter jurisdiction in the present action. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."). First, Plaintiff's Complaint provides that the "California Class consists of current and former non-exempt employees employed by [Curative] in California at any time within the four years prior to the filing of the initial complaint," suggesting that more than two-thirds of the members of all proposed plaintiff classes are citizens of California. (Pl's. Compl. ¶ 49, ECF No. 1.) Second, the Notice of Removal states that Defendant Curative, the primary defendant in this action, "is a citizen of . . . California." (Defs.'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07198-RGK-MAA | Date | November 3, 2021 |
|---|---|---|---|
| Title | *Briana Belnavis v. Curative Inc. et al.* | | |

Notice of Removal at 9:25, ECF No. 1). Finally, Plaintiff's Complaint also indicates that Plaintiff asserts only California state law claims. (Pl.'s Compl. at 17–31.)

The Court, therefore, orders Defendants to show cause, in writing, why the Court should not decline to exercise jurisdiction under 28 U.S.C. §§ 1332(d)(3) or 1332(d)(4). Defendants shall file their response no later than **November 5, 2021 at 4:00 PM**, and the response shall be limited to 5 pages. Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court remanding this case pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre |